Wonda DAY, Plaintiff–Appellant,

v.

NORTHERN INDIANA PUBLIC SERVICE CORP., Defendant–Appellee.

No. 98–1605.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 3, 1998.

Decided Jan. 8, 1999.

Michael J. Foley, Foley & Foley, Chicago, IL, for Plaintiff–Appellant.

Robert D. Campbell, Andrew C. Porter, Schiff, Hardin & Waite, Chicago, IL, for Defendant–Appellee.

Before COFFEY, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

EASTERBROOK, Circuit Judge.

Wonda Day found herself behind the eight ball in this employment-discrimination suit when her lawyer ignored the district court's rule requiring all statements of fact in support of or opposing motions for summary judgment to be supported by citations to the record. Day's lawyer submitted a narrative statement of facts that contained only a single citation, to the whole of one deposition. The district judge deemed this insufficient, observing that the function of the rule is to provide pinpoint citations so that the judge can find the facts readily; citing a whole deposition frustrates that function. As a result the judge treated the employer's factual position as uncontested, as judges properly may do in order to enforce their rules about summary-judgment practice. E.g., *Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 285–86 (7th Cir.1997); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 518 (7th Cir.1992).

Given the district judge's view of the facts, this is a simple case. Day, a part-time customer service representative at Northern Indiana Public Service Corp. (NIPSCO), attributes adverse actions to her race, sex, and religion. For example, under the collective bargaining agreement between NIPSCO and the union that represents Day, requests to take vacation at a particular time are handled on a first-come-first-served basis and denied when they would reduce the number of persons at work below the level needed to run the business. Day asked for December 21, 1992, as a vacation day, and was turned down because other employees had asked earlier; she filed a charge of discrimination over the denial. During 1993 Day received most of the vacation schedule she requested, but some of the time off she wanted in June and July (the most popular vacation months) was

unavailable. She filed a charge of discrimination after discovering that a person who asked after she did was allowed to take June 11 as a vacation day; NIPSCO responded that this was a bureaucratic error (and showed that similar errors had been made concerning other requests, without any apparent pattern of discrimination). A request for vacation time in August 1993 was granted at the last minute; again Day charged discrimination. NIPSCO replied that similar last-minute answers had been given on occasion to male or white part-time employees. Day challenges as discrimination the obligation to notify superiors when she left late for lunch or a break; NIPSCO responded that all employees must give this notice, so that supervisors know who is available for work at any given time. Day contends that by scheduling her for work on Wednesday evenings NIPSCO failed to accommodate her religious beliefs; NIPSCO responds that its flexible policies have made it easy for Day to change work periods and that as a result she has *never* worked on a Wednesday evening. Perhaps NIPSCO's explanations could have been pierced by a suitable factual reply, but, because the district court treated Day as having made no factual presentation, her suit was doomed.

■ In order to get anywhere on this appeal Day had to persuade us that the district court abused its discretion by disregarding her version of the facts. That objective, hard to achieve given deferential appellate review, was put out of reach when her lawyer repeated in this court the very performance that led the district court to disregard her affidavit. Circuit Rule 28(c) provides: "The statement of the facts required by Fed.R.App.P. 28(a)(7) shall be a fair summary without argument or comment. No fact shall be stated in this part of the brief unless it is supported by a reference to the page or pages of the record or the appendix where that fact appears." (We quote Circuit Rule 28(c) as amended on December 1, 1998, to update its reference to the national rule; no substantive change has been made in Circuit Rule 28(c) for more than a generation.) Day's lawyer violated both sentences of Circuit Rule 28(c), the first because the statement of facts is argumentative (it treats Day's position as established, even though

the district court found it to be unsupported), and the second because it does not support the propositions with citations. Day's statement of facts is 8½ pages long; the first six pages are unadorned by a single record reference. Eventually the brief cites one deposition, NIPSCO's statement of uncontested facts, and Day's affidavit. Just as in the district court, counsel expected the court to peruse the record without the help of pinpoint citations. It takes a brave, or foolhardy, lawyer to repeat in the court of appeals the very strategy that cost his client the case in the district court!

■ NIPSCO filed a motion asking us to strike Day's brief, but that step is inappropriate. Striking the brief would lead either to dismissal for want of prosecution (if we then denied Day's request to file a corrected but untimely brief) or to a whole new round of briefs (if Day replaced the defective brief and NIPSCO responded). Neither approach matches the transgression. Dismissal for want of prosecution would foreclose any possibility that the original brief, deficient as it was, might persuade us that the district court erred. A second round of briefs would multiply the costs of resolving the case and condone a violation of the court's rules. Sometimes we permit repair work when lawyers have good reasons (the category of "excusable neglect"), but that's hardly an apt description of the omission here, given what happened in the district court.

■ Counsel's two explanations for deviation from Rule 28(c) are unavailing. The first is that the record is so short that judges just don't need help in locating the factual propositions Day advances. This is an argument that the court should have adopted a different rule—for example, prefacing the second sentence with something like "unless the record is shorter than 100 pages"—but not a reason why counsel was entitled to disregard the rule the court actually adopted. Lawyers who think that compliance with rules of procedure is just busywork must recognize that the judges may think otherwise. Rule 28(c) is vital to efficient performance of the appellate task, and we are not disposed to let lawyers make exceptions

when *they* deem the assistance of citations unnecessary.

The other explanation—that putting record citations in the statement of facts would have been taken as an admission that counsel had not complied with the district court's equivalent citation rule—is even weaker. It amounts to a double-or-nothing strategy. Counsel readily could have peppered the statement of facts with record citations, and added two observations along the lines of (i) "I don't think this is necessary, but I'm protecting my client's interests in case you do"; and (ii) "that I'm citing 'affidavit of Wonda Day p. 2' for the twelfth time *shows* how unnecessary this all was, and why the district judge should not have penalized its omission". That strategy could have both protected and promoted Day's position; instead counsel demonstrated unwillingness to follow rules of court, an inability to learn from mistakes, or both.

■ NIPSCO's motion to strike included a request for sanctions under Fed.R.App.P. 38. Counsel had an opportunity to reply, and the motion is now granted. The sanction is a public reprimand and a fine of $500, payable to NIPSCO. The monetary sanction is small because NIPSCO offers us no reason to think that the expense it incurred in responding to the appeal was enhanced by counsel's neglect; to the contrary, noncompliance with the rule likely enabled NIPSCO to reduce its attorneys' fees by making the appeal less formidable (and creating the possibility of summary affirmance). A public reprimand is in order because this deficient performance by counsel Michael J. Foley follows hard on the heels of another. In *Filippo v. Northern Indiana Public Service Corp.*, 141 F.3d 744 (7th Cir.1998), attorney Foley filed a brief that violated Fed.R.App.P. 28(a)(6) (as it stood before December 1, 1998) by reducing to a skeleton the argument on the merits. Foley contended that the district court misunderstood the facts, but as we pointed out he "fail[ed] to elaborate on how the court erred." 141 F.3d at 751. Because the brief was "not entirely devoid of citation or factual reference" *(ibid.)* we bent over backward to avoid a forfeiture, while informing Foley that the brief "must stand as the irreducible minimum" *(ibid.)*. Our opinion in *Filippo*, issued on April 10, 1998, counseled Foley never to repeat the performance. Only a few weeks later, on May 21, 1998, Foley filed the appellate brief in Day's case. In response to the motion for sanctions Foley observed that we counseled him in *Filippo* to comply with Fed.R.App.P. 28(a)(6), while this case involves noncompliance with Circuit Rule 28(c). This "response" shows that Foley didn't get the point. A lawyer need not be counseled one subsection at a time until the rules have been exhausted—and anyway the failure on this appeal is the same as Foley's failure in the district court. In *Filippo* attorney Foley filed a brief that was so deficient that only by the grace of the court did the judges consider the merits. Foley learned nothing from either *Filippo* or the district court's conclusion that his factual presentation on behalf of Day was deficient.

Attorney Michael J. Foley is reprimanded for persistent noncompliance with the rules of appellate procedure and fined $500. The judgment of the district court is affirmed.