**In the Matter of: David M. BAGDADE, Respondent.**

**No. D–02–0001.**

United States Court of Appeals, Seventh Circuit.

March 8, 2002.

Attorney Disciplinary Proceeding.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

### Order

On the authority of Fed. R.App. P. 38 and 46, the court hereby opens a proceeding to determine whether David M. Bagdade should be disciplined for filing a frivolous appeal and other conduct unbecoming a member of the bar.

The nature of the appeal (No. 01–1554) that gives rise to this proceeding is set out in the court's dispositive order, issued today. Succinctly stated, the situation is this: Bagdade's errors led to the dismissal of his client's case for want of prosecution, and he then took an appeal that must be classified as frivolous, in the objective sense that it had no hope of success. See *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir.1989) (en banc). In the course of prosecuting this appeal, Bagdade violated this court's rules. For example, he neglected to include with his brief a copy of the district court's order denying his motion for reconsideration under Rule 59(e), although Circuit Rule 30 requires its inclusion–and although Bagdade certified to the court that he had complied with this requirement. See Circuit Rule 30(d). Moreover, although Circuit Rule 53(e) forbids citation to any unpublished order when the rendering court does not allow citation, Bagdade relied on an unpublished order of this court, which does not allow such citations. See Circuit Rule 53(b)(2)(iv).

On occasion the court overlooks such shortcomings–though it is less likely to do so when the appeal is frivolous and continues a pattern begun in the district court. See *Day v. Northern Indiana Public Service Corp.*, 164 F.3d 382, 385 (7th Cir. 1999). But it is impossible to overlook the violations here, because a more serious problem occurred. Bagdade's appellate brief contains a certificate of service (over his signature) representing that copies of the brief were served by first class mail "before 5:00 p.m. on this 20th day of

September, 2001." This certificate is false. Appellees moved to dismiss the appeal for lack of service. In response Bagdade conceded that he had not served the brief on September 20 but contended that he had done so on October 18. He asserted that he did not want to serve the brief until assured that this court would accept it. That is no excuse for making a false certificate; Bagdade did not state that he will serve some time in the future. He stated unconditionally that he *had* served the brief. No quibble can justify that falsehood. Nor is his excuse substantively acceptable; attorneys must furnish their adversaries with copies of any paper tendered to the court and may not wait to see what the clerk's office does. Fed. R.App. P. 25(d).

What is more, Bagdade's assertion that he served the brief by regular mail on October 18, and again by certified mail on November 8, has been contested. Appellees contend that they did not receive anything on either occasion, but did receive copies in the second half of November bearing a postmark of November 16, 2001. Whether Bagdade served anything on October 18 and November 8, or whether instead he has tried to cover up one falsehood with another, is an issue that may require an evidentiary hearing to resolve.

Appellees' request for sanctions led us to check our records to see whether Bagdade had been sanctioned in the past. We could not verify that Bagdade is a member of our bar. His name does not appear on the electronic list of attorneys admitted to practice. This is not conclusive; as a result of an error in software some attorneys who changed their addresses before the middle of 1999 were deleted from the computer database. We could check the paper records, but only if Bagdade supplies the date of his admission to our bar. Failure to find Bagdade's name on the roll of

attorneys admitted to practice here led us to check his status in Illinois (where he practices); to our surprise, he is not on the master roll maintained by the Attorney Registration and Disciplinary Commission. At oral argument Bagdade stated that this might have occurred because his firm had neglected to keep his dues current. Yet in Illinois a lawyer who is not current on his dues is removed from the rolls and is forbidden to practice.

We give Bagdade 21 days to demonstrate that he is a member of this court's bar and, if he is now a member in good standing of our bar (and that of Illinois), to explain why he should not be subject to professional discipline up to and including disbarment. His answer, together with a copy of this order and the record in the underlying litigation (including the appellees' motion to dismiss for lack of service and their request for sanctions), will be referred to Magistrate Judge Geraldine Soat Brown, who is hereby appointed as this court's special master to take evidence and make recommendations concurring the appropriate disposition. See Fed. R.App. P. 48.

The master will have all powers described in Rule 48 and should take such evidence (including testimony) as is required to explore the matters we have described, and any related matters that come to the master's attention. The Clerk of the United States District Court for the Northern District of Illinois is appointed our agent for the purpose of issuing summons and taking other related steps deemed advisable by the master. After receiving evidence, the master should make any appropriate findings of fact and recommend a disposition.

After the master has filed her report, the Clerk of this Court will immediately serve Bagdade with a copy. He will have 15 days to file a response in this court.