# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-4050

MIGUEL ANGEL RAMOS,

*Petitioner*,

v.

JOHN ASHCROFT, Attorney General of the United States,

*Respondent.*

_____

Petition for Review of an Order
of the Board of Immigration Appeals

_____

SUBMITTED MAY 25, 2004—DECIDED JUNE 15, 2004

_____

Before EASTERBROOK, ROVNER, and EVANS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* What is the location of a proceeding conducted in two places at once? Immigration officials, who propose to remove Miguel Angel Ramos from the United States, offered him a hearing in Council Bluffs, Iowa. There Ramos, his lawyer, his witnesses, and the lawyer for the government testified and argued in front of a television set, connected by teleconference equipment to the chambers of an immigration judge in Chicago, Illinois. At the end of a hearing the immigration judge read a decision into the record; a formal order bore the caption:

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Chicago, Illinois

The Board of Immigration Appeals dismissed Ramos's appeal; its order begins: "File: A77-862-762 — Chicago". Ramos filed his petition for review in this circuit. The Department of Justice now asks us to transfer the proceeding to the eighth circuit, relying on 8 U.S.C. §1252(b)(2), which says in part: "The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." According to the Department, a proceeding is "completed" where the lawyers and witnesses appear for the hearing, rather than where the court is located and the order is issued.

Teleconferencing is increasingly common, so we were surprised to discover that no court has addressed the question where a proceeding is "completed" for purposes of §1252(b)(2). There is enough ambiguity in the phrase, and enough potential for recurrence, that immigration officials would be well advised to issue regulations specifying where they think immigration proceedings are "completed." But there is no such regulation on the books. The statute itself asks, not where the lawyers, witnesses, or litigants played their parts, but where "the immigration judge completed the proceedings." The immigration judge completed *his* role in Chicago—something that would have been true even had this been a three-cornered teleconference (with the IJ participating from, say, a vacation home in Michigan). The immigration court's home office is where all parties were required to file their motions and briefs, see 8 C.F.R. §1003.31(a), where the orders were prepared and entered, and where Ramos now prefers to litigate. It would be impossible to justify balking him in this respect, just because the IJ could be seen live on TV in Iowa. Federal

judges often conduct hearings by teleconference between the court and a prison, so that prisoners need not be transported (with attendant cost and escape risks). That does not mean that an appeal would lie to the circuit in which the prison is located. Just so with §1252(b)(2).

Doubtless there is a sense in which proceedings were "completed" in Iowa as well as in Illinois, for nothing would have happened had the immigration judge not transmitted a ruling to the parties assembled there. Maybe regulations could deem the proceedings completed in *both* places. Such regulations—or a revision to the statute— would distribute judicial review more widely among the courts of appeals, rather than concentrating business in the circuits that contain the headquarters of the immigration courts. But all regulations could do, in the absence of statutory amendment, would be to offer the alien a choice; the statute itself ensures that the alien may petition for review in the circuit where the immigration court is located. So the motion to transfer is denied.

One further comment is in order. The Department of Justice filed its motion on April 22, 2004, the day its brief was due. Counsel asked us to grant more time to file a brief if we should deny the motion for transfer. Filing motions in lieu of briefs, a form of self-help extension, has become increasingly common but is not authorized by any rule, either national or local. It is fine to file a motion to affirm, to dismiss for want of jurisdiction, to transfer to another circuit, and so on; the problem lies in the belief that any motion automatically defers the deadline for filing the brief. A brief must be tendered when due. If a party needs more time, a request for an extension must be filed in advance of the due date. If extra time has not been granted in advance, then the litigant must file its brief as scheduled. All too many motions this court has seen have the subtext: "Oops! My brief is due today but is not ready. It is too late to seek an extension, and I don't have a good reason for one

anyway. So I'll whip up a short motion. Whew!" No go. If events justify a last-minute motion concerning jurisdiction, venue, sanctions, or any other subject, then that motion may *accompany* the brief; a motion is not a substitute for a brief.

The motion to transfer in this case should have come well before Ramos filed his own brief. His petition was filed on November 21, 2003, and Ramos served his brief four months later, on March 23, 2004. The Department of Justice should have acted within a month (two at the outside) of the petition's filing date. By taking five months to seek a transfer, and requesting that step only after Ramos had briefed the case, the respondent created a risk that Ramos would need to prepare a fresh brief, conforming to the requirements of the eighth circuit and emphasizing that circuit's decisions. (Ramos's brief cites 16 decisions of this circuit and none from the eighth circuit.) The Department of Justice has no warrant to put its adversary to that cost and inconvenience. We could have denied the motion on timeliness grounds alone, and in the future we will do so.

The brief for the Attorney General is overdue. No extension of time has been granted. Nor should the respondent need much time to file; the brief should be written already. Unless the respondent files a brief on the merits by June 22, 2004, the matter will be submitted for decision on the petitioner's brief alone. Fed. R. App. P. 31(c).

No. 03-4050                                                    5

**A true Copy:**

    **Teste:**

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*