In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-4104

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DANNY D. FORTNER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 04 CR 20017—**Michael P. McCuskey,** *Chief Judge.*

DECIDED JUNE 15, 2006;
OPINION ISSUED JULY 31, 2006

Before EASTERBROOK, MANION, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Danny Fortner pleaded guilty to distributing methamphetamine and was sentenced to 288 months' imprisonment. He has appealed, challenging both a three-point sentencing enhancement for his role as an organizer or leader in the distribution scheme, U.S.S.G. § 3B1.1(c), and the reasonableness of his sentence. Five days before the brief for the United States as appellee was due, the government filed a motion for summary affirmance along with a motion to suspend briefing in the appeal. The government argued that any challenge to the organizer enhancement was a waste of time because the district judge

stated at sentencing that even if the advisory guidelines range had been lower, he would not have imposed a shorter sentence. Indeed, he said that if the case were to return to him after an appeal, he would impose a longer sentence—327 months—and all that prevented him from doing so the first time around was his own policy of providing advance notice before exceeding the government's recommended sentence. The government also contended in its motion that any challenge to the reasonableness of Fortner's sentence was frivolous. As a motions panel, we denied both the motion for summary affirmance and the motion to suspend briefing by order on June 15, 2006, noting that an opinion would follow.

We now explain why the government's litigation strategy—filing a motion for summary affirmance days before its merits brief was due—is problematic. The practice is widely used; anecdotally, this is the second such motion this motions panel has addressed (and denied) in a single week. "The strategy is this: instead of filing a brief on the due date, the appellee files something else, such as a motion to dismiss. The goal and often the effect is to obtain a self-help extension of time even though the court would be unlikely to grant an extension if one were requested openly." *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005); *see also Ramos v. Ashcroft*, 371 F.3d 948, 949-50 (7th Cir. 2004). As we held in *Lloyd* and *Ramos*, a last-minute motion, if necessary, should be filed along with a timely brief, not in place of it.

A motion for summary affirmance is somewhat different from the motions at issue in *Lloyd* (motion to dismiss) and *Ramos* (motion to transfer). The government's submission in this case is fifteen pages long, and but for the formal requirements of Federal Rule of Appellate Procedure 28, it is essentially a brief on the merits. But by filing it the government has wasted the resources of this court. (Six judges will ultimately consider this appeal: three on the

motions panel and three on the merits panel.) The government could have made these same arguments in a brief and moved to waive oral argument if it felt that argument would be unhelpful. *See* FED. R. APP. P. 34. But then, such motions are not always granted, particularly in criminal appeals where, as here, substantial punishment has been imposed. *See United States v. Adeniji*, 179 F.3d 1028, 1029-30 (7th Cir. 1999) (Posner, J., in chambers). Rather than risking a motion to waive argument and undertaking the extra work of submitting a timely brief, the government took a short-cut, filing this motion to affirm summarily and seeking to delay briefing in the event the motion was denied and it needed to file a full brief. So the case presents the same element of self-help as in *Lloyd* and *Ramos*.

Motions for summary affirmance generally should be confined to certain limited circumstances. Summary disposition is appropriate in an emergency, when time is of the essence and the court cannot wait for full briefing and must decide a matter on motion papers alone. *See Mather v. Vill. of Mundelein*, 869 F.2d 356, 357-58 (7th Cir. 1989) (per curiam). Summary affirmance may also be in order when the arguments in the opening brief are incomprehensible or completely insubstantial. *See, e.g.*, *Lee v. Clinton*, 209 F.3d 1025, 1025-27 (7th Cir. 2000); *Williams v. Chrans,* 42 F.3d 1137, 1139 (7th Cir. 1994); *United States v. Monsalve*, 388 F.3d 71, 73 (2d Cir. 2004) (per curiam). Finally, summary affirmance may be appropriate when a recent appellate decision directly resolves the appeal. *See, e.g.*, *United States v. Young*, 115 F.3d 834, 836 (11th Cir. 1997) (per curiam). When a motion for summary affirmance is appropriate, it should be filed earlier rather than later—not right before the merits brief is due.

Short of the foregoing (or substantially similar) situations, the government and other appellees should follow the usual process: file a merits brief and argue the case in the ordinary course. This appeal may be straightforward, but

we are not convinced that it is so insubstantial that full briefing would not assist the merits panel that decides it.

MOTIONS DENIED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*