In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 06-2009

CUSTOM VEHICLES, INC.,

*Plaintiff-Appellant,*

*v.*

FOREST RIVER, INC.,

*Defendant-Appellee.*

---

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:03-CV-771RM—**Robert L. Miller, Jr.**, *Chief Judge*.

---

SUBMITTED AUGUST 31, 2006—DECIDED SEPTEMBER 25, 2006

---

EASTERBROOK, *Circuit Judge*, in chambers. Custom Vehicles, the appellant in this trademark litigation, has filed a motion asking the court to strike portions of the appellee's brief. The motion came to me during my stint as the motions judge. It is now denied—and to show that such absurd motions do not come for free, I deduct twice the length of this motion from the permissible length of the offending party's reply brief.

Custom Vehicles believes that its adversary's brief contains unsupported assertions of fact. Here is the first example from the motion (underlining and italics in original):

● Brief, page 3: "J.T. Custom Works did not provide van conversion services—it only sold van products

per se. (Supp. App., page 4; Docket Item 55-2, page 19)"

The citation is to a page of Mr. Minnix's testimony. Mr. Minnix was responding to the question whether J.T. Custom Works used the mark "to advertise" vehicle conversion services, not whether it *provided* van conversion services.

Here is another example:

● <u>Brief, page 5</u>: By 2002, Forest River had published and distributed an advertising brochure for those travel trailers (Supp. App., pages 9-10—note the 2002 copyright notice at bottom center of page 10)

There is simply no evidence cited to support the claim that the brochure had been published or distributed in 2002. The brochure alone doesn't establish the date of its publication or whether it was distributed, and if so, when that occurred and to whom. The a [sic] symbol printed on the brochure doesn't establish if it was in fact copyrighted, and if so, when that occurred.

Much more in the same vein follows. Perhaps Custom Vehicles is right about the record and Forest River wrong. But what would lead counsel to think that the court of appeals will redact his adversary's brief? The way to point out errors in an appellee's brief is to file a reply brief, not to ask a judge to serve as editor. (If a material misrepresentation comes in the adversary's reply brief, the appellee may ask for leave to file a supplemental statement.) The judiciary has quite enough to do deciding cases on their merits.

One can search the Federal Rules of Appellate Procedure in vain without finding any provision for a "motion to strike" whole documents, let alone to strike

sentences out of briefs. Our Circuit Rules do provide for a motion to strike, but only to get extraneous materials out of the appellate record when documents find their way there by error. See Circuit Rule 10(b). Again there is no provision for a judicial blue pencil. The closest match in any of the federal rules is Fed. R. Civ. P. 12(f), which provides that a district court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This rule does not apply to appellate practice and would not help Custom Vehicles if it did, for the motion does not contend that Forest River's brief contains "any redundant, immaterial, impertinent, or scandalous matter."

Motions may be proper despite the lack of a specific rule. Suppose, for example, that Forest River's brief had included material that Custom Vehicles claimed as a trade secret and that had been held under seal by the district court. We would accept a motion to seal the offending brief pending resolution of any dispute about confidentiality, which could be resolved by requiring the litigant to file two briefs—one under seal with the full text, and a second redacted version for the public record. See *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002). Likewise the court sometimes strikes entire briefs, either because they so substantially violate the Rules of Appellate Procedure that it would not be worth judicial time to work through them, or because they overlap the presentation of other litigants on the same side, in violation of a scheduling or consolidation order entered under Fed. R. App. P. 33 and Circuit Rule 33. Judicial orders that control the conduct of an appeal will be enforced, if necessary by striking a brief.

But *editing* a brief? That's a different kettle of fish. The sort of motion that Custom Vehicles has filed does nothing but squander time. Each week one circuit judge resolves all motions; there is no relation between this task and the (eventual) assignment of a three-judge panel to resolve the

appeal on the merits. So this motion calls on the court to increase from three to four the number of judges who must dig through the record and understand the legal issues. Cf. *United States v. Fortner*, 455 F.2d 752 (7th Cir. 2006) (motions for summary affirmance are disfavored in part because, if denied, they may increase from three to six the number of judges who must consider the merits); *United States v. Lloyd*, 398 F.3d 978 (7th Cir. 2005); *Ramos v. Ashcroft*, 371 F.3d 948 (7th Cir. 2004).

That extra time may be nothing but busywork for both the judge and the litigants. Whether J.T. Custom Works provided vehicle conversion services without advertising them (and the other quibbles raised in the motion to strike) may be unrelated to the proper resolution of the appeal. How could the court tell without resolving the merits? Custom Vehicles's motion could not be granted without a response (Forest River has replied in detail, using about three pages to address each page of Custom Vehicles's challenges) followed by full-fledged adjudication on the question what the record shows about these matters. If the motion were granted, new briefs would be required. No sane judicial system would fritter away resources in that fashion. Why should this court devote resources to whether the © symbol on a document was affixed in 2002, as opposed to some other year, when that subject may well be irrelevant?

Despite the fact that motions to strike portions of briefs are not authorized by the rules and are not only unnecessary (from the parties' perspective) but also pointless (from the judiciary's), they are filed all the time. I see about one such motion during each week that I act as motions judge. I have never granted such a motion (and never will); I don't believe that any of my colleagues grants such motions; yet the flow continues.

For some time I have been treating such motions as a form of "advance" on the allowance of pages or words used

for the party's appellate brief. So in the days when an appellate brief could run 50 pages, a pointless five-page motion was deducted from the allowable total and the brief's maximum length cut to 45 pages, on the ground that the litigant had forced the court to work through five pages of argument already and thus had 45 left to go.

The court has ample power to change the length of a brief from the presumptive maximum. See Fed. R. App. P. 2. I have decided to use that power. My practice has not led to a discernible reduction in the number of these motions, however, perhaps because I have not explained it in a published opinion. Now notice has been given— and I have decided to raise the stakes and deduct from the brief double the number of words in a motion to edit an opponent's brief or any other equivalently absurd, time-wasting motion.

Custom Vehicles's motion to strike contains about 1,200 words. The presumptive maximum length of a reply brief under Fed. R. App. P. 32(a)(7)(B)(ii) is 7,000 words. For Custom Vehicles, however, the reply brief in this appeal may not exceed 4,600 words. The motion to strike is denied.

A true Copy:

      Teste:

                                      _____
*Clerk of the United States Court of Appeals for the Seventh Circuit*