In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2527

CORRINE WIESMUELLER and HEATHER R. DEVAN,

*Plaintiffs-Appellants*,

*v.*

JOHN KOSOBUCKI, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07 C 211—**Barbara B. Crabb**, *Chief Judge*.

OCTOBER 28, 2008

**ORDER**

POSNER, *Circuit Judge* (in chambers). The plaintiffs have moved us to strike the entire fact section from the defendants' brief, to bar the defendants from assessing costs related to their preparation of that section of their brief (should they eventually prevail), and to order reimbursement of the plaintiffs' costs for the expenses they have incurred in filing this motion.

Wisconsin grants graduates of the two law schools located in Wisconsin the "diploma privilege." That is, they

may be admitted to the Wisconsin bar without taking an examination. Graduates of out-of-state law schools are denied the privilege, and the plaintiffs claim that the denial violates the commerce clause of the federal Constitution.

Circuit Rule 28(c) provides that the statement of facts in a brief "shall be a fair summary without argument or comment. No fact shall be stated in this part of the brief unless it is supported by a reference to the page or pages of the record or the appendix where that fact appears." The fact section of the defendants' brief begins at the bottom of page 2 and continues to the bottom of page 20. The first 14 pages contain only two citations to the record but 20 citations to constitutions, rules, or statutes, 13 citations to law review articles, two to cases, and 18 to other materials drawn largely from the websites of various bar authorities. Not until page 17 do the defendants begin to discuss the facts of this case. The rest of the statement of facts, the plaintiffs argue, although it contains material germane to the appeal, belongs in the argument portion of the brief.

In *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725 (7th Cir. 2006), one of the parties moved to strike its opponent's statement of facts on the ground that it contained unsupported assertions of fact and misconstrued the record. In a chambers opinion, Judge Easterbrook ruled that "the way to point out errors in an appellee's brief is to file a reply brief, not to ask the judge to serve as editor." *Id.* at 726; see also *Redwood v. Dobson*, 476 F.3d 462, 470-71 (7th Cir. 2007). To evaluate a challenge to the accuracy of the statement of facts would require an

analysis of the record, thus duplicating work that would be required for deciding the merits of the appeal. No such undertaking is necessary here, any more than if the defendants had simply omitted the statement of facts from their brief. And we could refuse to accept a brief that violated Rule 28(c), though alternative sanctions will usually be preferable, for reasons explained in *Day v. Northern Indiana Public Service Corp.*, 164 F.3d 382, 384-85 (7th Cir. 1999).

But we think the plaintiffs in arguing that the defendants' brief violates Rule 28(c) have confused "argument" with "argumentative." It is forbidden for the statement of facts to misstate the record or omit unfavorable material facts, e.g., *McDonald v. Village of Winnetka*, 371 F.3d 992, 1009 n. 11 (7th Cir. 2004); *Albrechtsen v. Board of Regents*, 309 F.3d 433, 435-36 (7th Cir. 2002); *Lawson v. Trowbridge*, 153 F.3d 368, 371 (7th Cir. 1998); *Greenslade v. Chicago Sun-Times*, 112 F.3d 853, 857 n. 1 (7th Cir. 1997), or to make work for the court by failing to give record references for all the facts included in the statement. E.g., *Correa v. White*, 518 F.3d 516 (7th Cir. 2008) (per curiam); *Corley v. Rosewood Care Center, Inc.*, 388 F.3d 990, 1001 (7th Cir. 2004); *Day v. Northern Indiana Public Service Corp.*, *supra*, 164 F.3d at 384. But that is not what the defendants have done. Their statement of the facts *of the case* is unexceptionable. But besides facts in that sense—the kind of facts that a trier of fact determines—there are background facts (sometimes called "legislative" facts) that lie outside the domain of rules of evidence yet are often essential to the decision of a case. Those facts may include, in this case, the laws and policies of other states

relating to qualifications to practice law, accounts of the history of qualifications for the bar, and data on bar exam results, and all these are facts found in the sources cited in the defendants' statement of facts rather than in the record compiled in summary judgment or trial proceedings. Such facts and the sources from which they are derived could be incorporated in the argument section of the brief, but they can with equal propriety be set forth in the statement of facts, provided that the brief clearly separates them from the facts peculiar to the case, as the defendants' brief does. Moving them from the statement of facts to the argument section of the brief would not assist the judges in deciding the appeal. Forbidden argument in the statement of facts within the meaning of our rule means an argumentative rather than a neutral presentation of the facts of the case. *Albrechtsen v. Board of Regents, supra*, 309 F.3d at 435; *Day v. Northern Indiana Public Service Corp., supra*, 164 F.3d at 384; *Palmquist v. Selvik*, 111 F.3d 1332, 1337 (7th Cir. 1997); *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1224 (7th Cir. 1995); *Markowitz & Co. v. Toledo Metropolitan Housing Authority*, 608 F.2d 699, 704 (6th Cir. 1979). The defendants have done that; even the plaintiffs, in the (very brief) statement of facts section in their brief, quote from a judicial decision and from an online interview with a judge.

   The plaintiff's motion is DENIED.

---