NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 25, 2018
Decided October 4, 2018

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3223

| | |
|---|---|
| MOMO ENTERPRISES, LLC, *et. al.* | Appeal from the United States District |
|     *Plaintiffs-Appellants*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 1:15-cv-11074 |
| POPULAR BANK, *et al.*, | |
|     *Defendants-Appellees*. | Sharon Johnson Coleman, |
| | *Judge*. |

**O R D E R**

The plaintiffs-appellants in this case filed this suit challenging the sales and foreclosures of a residential and a commercial condominium in Chicago and the their subsequent evictions from those properties. They alleged a large conspiracy made up of twenty-four distinct parties including neighbors, banks, attorneys, title companies, a holding company, a condominium association, law firms and individual lawyers. The plaintiffs'-appellants' Second Amended Complaint alleged violations of due process, the Sherman Act, the Clayton Act, the Fair Debt Collections Act, the Fair Housing Act, and Civil Conspiracy to violate the plaintiffs' civil rights pursuant to 42 U.S.C. § 1985(3), among other state and federal law claims. We have reviewed carefully the opinions and

orders of the district court in this matter, including the district court's Memorandum Opinions and Orders, one dated March 30, 2017, and two dated September, 30, 2017; the parties' briefs on appeal; Popular Bank and Chuhak & Tecson, P.C.'s Rule 38 Motion for Sanctions Against Appellants and Appellants' Counsel; and Appellants' Response to Appellees' Rule 38 Sanctions.

The plaintiffs have asked this court to summarily affirm the district court. Summary affirmance may be in order when the arguments in the opening brief are incomprehensible or completely insubstantial. *United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006). Having reviewed the briefs and record, we find that the arguments in the briefs are insubstantial and do not give us any reason to reconsider the judgment and opinions of the district court. Consequently, we summarily affirm the judgment of the district court for the reasons set forth in that court's Memorandum Opinions and Orders in this case.

We must also address Popular Bank and Chuhak & Tecson, P.C.'s Rule 38 Motion for Sanctions Against Appellants and Appellants' Counsel and, in turn, Appellants' Response to Appellees' Rule 38 Sanctions. We note that in addition to the Motion for Sanctions pursuant to Federal Rule of Appellate Procedure 38 filed in this court, some of the defendants also filed motions for sanctions in the district court pursuant to Rule 11 of the Federal Rules of Civil Procedure.[1] In granting those sanctions, the district court determined that:

> The allegations in the 179-page, 34-count SAC [second amended complaint] make it clear that Plaintiffs' counsel did not engage in a reasonable investigation into the facts and law surrounding the *Rooker-Feldman* doctrine and state action, among other things. By imposing sanctions here, this Court is making sure that Plaintiffs' counsel, as a proponent of the positions in the SAC, incurs the costs of investigating and responding to the relevant facts and law. *Id.*

---

[1] The first Motion for Sanctions under Fed. R. Civ. P. 11 was filed by defendants Popular, Inc., Banco Popular North America ("BPNA") d/b/a Popular, Community Bank; Thomas Horn; Chuhak & Tecson, P.C.; Terence G. Tiu; Daniel J. Fumagalli; Joshua S. Hyman; and Kara Allen. District Court R. 67. The Second Motion for Sanctions under Fed. R. Civ. P. 11 was filed by defendant Kovitz Shifrin Nesbit, P.C. District Court R. 89.

> It is this Court's position that sanctions should be a last resort. Plaintiffs pursued this action aggressively, despite this Court's previous rulings and warnings. To be frank, sanctions would likely be warranted for filing the 190-page, 33-count proposed third amended complaint. … After considering the parties' positions, this Court, pursuant to Rule 11(c), awards reasonable attorney fees and costs up to a combined total of $20,000 to the moving parties and against Plaintiffs' counsel, Robert D. Shearer, for the time period from the filing of the second amended complaint to this Court's ruling on the motion for leave to amend.

*Momo Enterprises, LLC v. Banco Popular of N. Am.*, No. 15-CV-11074, 2017 WL 4357390, at *4 (N.D. Ill. Sept. 30, 2017).

Despite the sanctions issued by the district court, the plaintiffs have continued pursuing each claim against each defendant throughout the appeal, (at oral argument the plaintiffs' counsel stated that the plaintiffs have not abandoned any claims against defendants, other than the claim of diversity jurisdiction), including the thirty-four claims in the Second Amended Complaint against twenty-four defendants filed in a 179-page complaint. Despite the district court's many rulings, warnings, and ultimately, sanctions, the plaintiffs have not exercised any more discretion in pursuing these claims on appeal. In view of the multiple obvious reasons that dismissal was warranted in the district court, we find that this appeal was frivolous. In addition to affirming the award of sanctions granted pursuant to Federal Rule of Civil Procedure 11 by the district court in its Memorandum Opinion and Order of September 30, 2017, we sanction the plaintiffs-appellants in the amount of $2,500 for the filing of a frivolous appeal, the amount to be divided equally among the moving parties. We view this amount as adequate without need for further accounting of costs and fees.

The judgments of the district court are summarily AFFIRMED in all respects.