In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-3211

TIM JON SEMMERLING,

*Plaintiff-Appellant,*

*v.*

CHERYL T. BORMANN
and UNITED STATES OF AMERICA,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 18 CV 6640 — **Robert W. Gettleman**, *Judge.*

DECIDED AUGUST 18, 2020

BRENNAN, *Circuit Judge* (in chambers). Appellee the United States asks this court to summarily affirm the district court's dismissal of appellant Tim Jon Semmerling's complaint because his appellate brief does not assert any error in the district court's decision.

Semmerling worked as a contractor for the U.S. Military Commissions Defense Organization as part of the legal team for a person charged as an al-Qaeda enemy combatant.

Semmerling, who is gay, disclosed his sexuality to the lead attorney of that team, and Semmerling alleges that, despite promising secrecy, that attorney disclosed his sexuality to the client and told the client that Semmerling was infatuated with the client and was pursuing that interest.

Semmerling sued the lead attorney for state-law torts of defamation, negligence, and intentional infliction of emotional distress, and he sued the United States under the Federal Tort Claims Act, 28 U.S.C. § 2674, for negligence and intentional infliction of emotional distress. Both defendants moved to dismiss the complaint for failure to state a claim, FED. R. CIV. P. 12(b)(6), and the district court granted their motions. Semmerling has appealed and by counsel submitted a seven-page brief that is light on factual details and legal analysis.

The United States moves for summary affirmance. It highlights the sparseness of Semmerling's brief and asserts that summary affirmance is appropriate here because "[s]ummary affirmance may … be in order when the arguments in the opening brief are incomprehensible or completely insubstantial." *United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006) (citing *Lee v. Clinton*, 209 F.3d 1025, 1025–27 (7th Cir. 2000), and *Williams v. Chrans*, 42 F.3d 1137, 1139 (7th Cir. 1994)). The co-appellee did not join the government's motion. She has filed a responsive brief in which she argues that Semmerling has waived any argument against the district court's order. She also defends the order on its merits.

The United States is correct that Semmerling's brief is substantively deficient in multiple ways. Federal Rule of Appellate Procedure 28 requires appellate briefs to include a statement of the case that sets out "facts relevant to the issues

submitted for review." FED. R. APP. P. 28(a)(6). But Semmer-
ling's statement of the case is two sentences long and gives
only the procedural posture. Although he argues that the dis-
trict court should have ordered discovery to add cultural con-
text to the complaint, he does not describe any discovery re-
quests either that he made or that the district court denied. *See*
*Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707,
711–12 (7th Cir. 2015) (striking any parts of brief that rely on
unsupported facts).

Moreover, in his seven-page brief Semmerling includes al-
most no legal citations. Rule 28 also requires appellate briefs
to contain an argument section that includes the appellant's
contentions, reasons, and record citations. FED. R. APP. P.
28(a)(8). But Semmerling's argument section does not identify
any legal errors in the district court's dismissal order. He fo-
cuses on the court's failure to order discovery, but he does not
say how the lack of discovery prejudiced him. *See John v. Bar-*
*ron*, 897 F.2d 1387, 1393 (7th Cir. 1990) ("An appellant must
not only raise issues in his brief, he must present them in a
professional fashion. This court is not obligated to research
and construct legal arguments open to parties, especially
when they are represented by counsel as in this case." (cita-
tion omitted)).

That said, this court generally disfavors motions for sum-
mary affirmance. *See, e.g.*, *Fortner*, 455 F.3d at 754; *United States*
*v. Lloyd*, 398 F.3d 978, 981 (7th Cir. 2005). As we explained in
*Fortner*, more often than not such motions merely require that
this court reviews the merits of a case multiple times—at the
motions stage and at the decision stage. 455 F.3d at 754. The
matter is further complicated where, as here, one appellee
files a motion while the other files a brief, leaving this court to

consider whether the case has sufficient merit for the appel-
lees to file a brief compliant with Rule 28 or should be sum-
marily affirmed. Either way, the motion has resulted in the
efforts that summary affirmance is meant to avoid.

Despite the shortcomings of Semmerling's brief, summary
affirmance is not suitable here. Summary disposition is appro-
priate for cases in which the appellant's position is clearly
frivolous. Although Semmerling's brief appears not to com-
ply with the requirements of Rule 28, sparse briefing alone is
not a reason to enter a merits judgment, and this case does not
rise to the level of "incomprehensible or completely insub-
stantial" that we saw in *Lee*, 209 F.3d at 1025–27 (summarily
affirming dismissal of suit that alleged the United States and
China conspired to "bio-chemically and bio-technologically
infect and invade" various people with a mind reading and
mental torture device), and *Williams*, 42 F.3d at 1139 (summar-
ily affirming denial of motion under Federal Rule of Civil Pro-
cedure 60(b), where this court had already reviewed the case
twice and the Supreme Court had denied certiorari both
times). Of course, the government is free to raise arguments
for dismissal under Rule 28 in its brief; I defer that decision to
the panel of this court assigned to hear this case on its merits.

One additional note: A review of the record shows that
counsel for Semmerling, Attorney Raymond Wigell, survived
a stroke shortly after the district court dismissed the com-
plaint. In addition to his recovery, it appears that Wigell has
been working to reconstruct his case files after the departure
of an associate attorney who worked with him, and concur-
rent with the disruption brought on by the COVID-19 pan-
demic. Because I am deferring the resolution of the case to the
merits panel, the parties now have the opportunity to brief

those merits, if they choose. Accordingly, I will permit Semmerling to request leave to strike the appellate brief currently on file and to submit a new brief, compliant with Rule 28, within one week of the date of this decision. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (reminding courts not to decide course of litigation over parties' wishes). Of course, the appellees may ask for (and receive) payment from counsel for having to respond twice.

The motion for summary affirmance is DENIED without prejudice to renewal of the arguments in the government's brief. Semmerling may, within seven days from this opinion, seek leave to strike his opening brief and to file a brief that complies with Rule 28. If he chooses to do so, this court will reset a briefing schedule, and the appellees may submit, along with their briefs, a request for reasonable attorney's fees— paid by Attorney Wigell—for the work required to produce the first, unnecessary response.

*It is so ordered.*