**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 10, 2020
Decided January 5, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 19-3211

| | |
|---|---|
| TIM JON SEMMERLING, | Appeal from the |
| *Plaintiff-Appellant,* | United States District Court |
| | for the Northern District of Illinois, |
| *v.* | Eastern Division. |
| | |
| CHERYL T. BORMANN and | No. 18-CV-6650 |
| UNITED STATES OF AMERICA, | |
| *Defendants-Appellees.* | Robert W. Gettleman, |
| | *Judge.* |

**O R D E R**

Tim Jon Semmerling worked in Guantanamo Bay, Cuba, on the legal defense team for Walid bin Attash, an al-Qaeda terrorist and mastermind of the 9/11 attacks. Semmerling is gay. Cheryl Bormann, the lead attorney on the defense team, instructed Semmerling not to disclose his sexual orientation to bin Attash. She feared that if bin Attash discovered Semmerling's sexual orientation, he would fire the entire team because of his strong political and religious views against homosexuality.

In October 2015 Bormann fired Semmerling. He responded with this lawsuit alleging that Bormann informed bin Attash of his sexual orientation and also told him that Semmerling was "pursuing a homosexual interest" and had become "infatuated" with him. Semmerling brought tort claims against Bormann for defamation, negligence, and intentional infliction of emotional distress, and claims against the United States under § 2674 of the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, for negligence and intentional infliction of emotional distress. The district court dismissed the claims against Bormann because they were barred by Illinois's absolute litigation privilege, and it dismissed the claims against the United States for failure to state a claim.

There's no need to trace the highlights of the district judge's reasoning because "the arguments in [Semmerling's] opening brief are incomprehensible [and] completely insubstantial." *United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006). For Semmerling to win any relief on appeal, we would have "to supply the legal research and organization to make sense of [his] arguments." *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 792 (7th Cir. 2019). Doing so would run counter to the adversarial nature of the American judicial process, which is why we cannot even consider vacating the decision below. As judges we may evaluate only the arguments that are presented to us. Lawyers must develop and present factually and legally grounded arguments for us to review. Raymond Wigell, Semmerling's lawyer, has failed at that task in every respect.

Rule 28 of the Federal Rules of Appellate Procedure requires a litigant to include "a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record." FED. R. APP. P. 28(a)(6). Semmerling's "Statement of the Case" does not even come close to meeting these requirements. This section of his brief merely repeats the asserted claims for relief. It makes no mention of the district court's order dismissing these claims, much less the reasons undergirding that order.

Rule 28 also requires a litigant to include an argument section that contains the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Id.* R. 28(a)(8)(A). The argument must "consist[] of more than a generalized assertion of error, with citations to supporting authority." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). But the argument section of Semmerling's brief is, oxymoronically, devoid of any legal argument whatsoever. The brief merely makes incoherent claims that the judge failed to consider "cultural context" and baldly asserts without support that discovery should have been

permitted. The argument section is a meager 2-1/2 pages. It does not identify and critique the key points in the district judge's analysis, and it fails to cite any legal authority until the final paragraph when it cites disjointed sources for an utterly irrelevant proposition. The brief is woefully deficient.

It's worth noting that the United States moved for summary affirmance based on the obvious inadequacy of Semmerling's opening brief. With notable forbearance, a judge of this court denied the motion and generously offered Semmerling's attorney an opportunity to file a new brief. *Semmerling v. Bormann*, 970 F.3d 886, 889 (7th Cir. 2020) (Brennan, J., in chambers). Counsel passed on the chance for a fresh start, and he also did not file a reply brief.

Because Semmerling's brief does not remotely comply with Rule 28 and offers no legal basis for disagreeing with the judge's dismissal order, the judgment is

AFFIRMED