NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2022[*]
Decided April 21, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2970

| | |
|---|---|
| VINCENT KLOCK, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:21-cv-00498-JPH-DLP |
| CRAIG SMITH, et al., | James Patrick Hanlon, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

Vincent Klock attempted to sue a state agency over an officer's search of his cellphone. His complaint's allegations were sparse: At an Indiana courthouse, Klock's parole officer asked Klock's girlfriend for Klock's cellphone, then took the phone from her purse without her permission or a warrant and searched it. Another officer, Craig Smith, was there "taking notes on his laptop." Klock named the Indiana Parole Board,

---

[*] Appellees were not served with process and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

its Chair, and Smith in his suit under 42 U.S.C. § 1983, asserting that the search of his phone violated his Fourth Amendment rights.

The district court allowed only the claim against Smith to proceed. The Indiana Parole Board, it ruled, is a state agency and not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And Klock did not allege that the Board's Chair was personally involved. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). The court gave Klock one month to amend his complaint with claims not covered by its order. Instead of amending, Klock submitted a "supplement" to his original complaint. The supplement contested the court's earlier order and proposed a new claim against the officer who searched his phone. After reaffirming its prior order, the court gave Klock another month to file an amended complaint with his proposed claim. It explained that because an amended complaint replaces a previous pleading, it "must be a complete statement" of his claims. It also "must comply with Federal Rule of Civil Procedure 8" by specifying "what each defendant did, and when."

Klock's amended complaint named the Board, its Chair, Smith, and the other officer, but contained only one operative sentence: "Defendant Indiana Parole Board is an agency and therefore liable to Plaintiff for its violation of Plaintiff's Fourth Amendment right to be free of search and seizure of his cellphone without his consent and without a search warrant." In response, the district court gave Klock one month either to show why his amended complaint should not be dismissed for failure to state a claim, or to withdraw it and proceed with his original complaint against only Smith. Klock replied that he "declines to withdraw his original and amended complaint." Because Klock neither justified his amended complaint nor proceeded against Smith with his original complaint, the court dismissed the suit for failure to state a claim.

Klock appealed, but his brief does not develop an argument—indeed, it does not even mention Smith or the officer who searched the phone. As a result, we must dismiss the appeal. We have warned litigants that noncompliance with the Federal Rules of Appellate Procedure can result in dismissal. Rule 28(a) requires that briefs include the basis for our jurisdiction, the facts relevant to the issues on review, and an appellant's contentions "and the reasons for them." FED. R. APP. P. 28(a). With just a two-sentence summary of the procedural posture followed by two unsupported and unelaborated sentences, Klock's brief violates this Rule. *Semmerling v. Bormann*, 970 F.3d 886, 887 (7th Cir. 2020). We construe pro se filings liberally, but we cannot craft arguments on Klock's behalf. *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001).

DISMISSED