NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 27, 2022
Decided November 29, 2022

**Before**

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1670

| | |
|---|---|
| FCA US LLC, | Appeal from the United States District |
|     *Plaintiff-Appellee,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v.* | |
| | No. 1:19-cv-01516 |
| NEW CITY HISTORIC AUTO ROW | |
| LLC, | John Z. Lee, |
|     *Defendant-Counter Claimant-* | *Judge.* |
|     *Appellant,* | |
| | |
|     *v.* | |
| | |
| SANTANDER BANK, N.A., | |
|     *Defendant-Appellee.* | |

**O R D E R**

This case is the third in a series of legal actions involving New City Historic Auto Row LLC and Santander Bank, N.A. Their dispute started when New City defaulted on loans it took out from Santander to finance a car dealership. The bank sued New City to collect its secured assets, and New City responded by declaring bankruptcy. The bankruptcy proceedings were ultimately dismissed, and Santander's suit against New

City ended with a default judgment in Santander's favor after New City failed to defend itself. No one appealed the judgment in either of those cases.

This appeal is from an interpleader action brought by FCA US LLC, the American wing of Fiat Chrysler and the distributor that sold cars to New City. (For simplicity, we will refer to the party as Fiat Chrysler.) Fiat Chrysler possesses funds due to New City under their dealership contract. But in light of Santander's earlier suit against New City, both New City and Santander claim an interest in those funds. Fiat Chrysler thus asked the district court to resolve New City's and Santander's competing claims. New City asserted counterclaims against Fiat Chrysler, but the district court dismissed them on procedural grounds. Santander moved for summary judgment, and New City responded with untimely crossclaims against Santander in an attempt to block the bank from collecting the funds. The district court concluded that New City's crossclaims were barred on multiple procedural grounds, including judicial estoppel and waiver, and ruled in Santander's favor.

New City appeals both the dismissal of its counterclaims against Fiat Chrysler and the grant of summary judgment for Santander. But because New City has not made any argument regarding the counterclaims before this court, we dismiss that portion of the appeal. Regarding the grant of summary judgment, the district court acted within its discretion when it rejected New City's crossclaims as untimely and did not err when it granted summary judgment to Santander. We affirm on that basis.

**I**

New City entered into a dealership agreement with Fiat Chrysler to sell Fiat Chrysler's cars in Chicago. In addition to the dealership agreement, New City executed a "Floorplan Agreement" with Santander, under which New City borrowed money from Santander to purchase cars and stock its inventory. In exchange for this financing, Santander obtained a broad security interest in New City's operating accounts including "all payment intangibles and all rights to receive payment, credits, and other compensation, including without limitation, so-called 'factory credits' and … incentive payments." The Floorplan Agreement also capped the total funds that New City could borrow from Santander at any given time.

According to New City, Fiat Chrysler shipped about 80 cars to New City that it did not order. Santander fronted the payments for these unordered cars, which put New City's credit balance above the cap set in the Floorplan Agreement. Santander

demanded payment of the outstanding balance, in full, within 60 days. The bank then issued a notice of default after New City missed this deadline.

## A. Santander's suit against New City and New City's bankruptcy

In 2018, after New City failed to cure the default, Santander sued New City for about $4 million that it claimed was due under the Floorplan Agreement. *See Santander Bank, N.A. v. New City Historic Auto Row, LLC*, 18-cv-201 (N.D. Ill.). New City disputed whether it had gone into default or otherwise breached the agreement, asserting counterclaims for breach of contract and tortious interference. The crux of New City's position was that Santander acted improperly by paying Fiat Chrysler for car shipments that New City did not order.

Santander's attempts to collect from New City briefly stalled when New City filed for Chapter 11 bankruptcy seven months into the litigation. *See In re New City Historic Auto Row, LLC*, 18 B 20811 (Bankr. N.D. Ill.). The purpose of a Chapter 11 bankruptcy is to allow a business to reorganize its debts and assets. *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019). But New City's bankruptcy proceedings ended when the United States Trustee appointed to the case concluded that New City had no assets to reorganize and moved for dismissal. As relevant here, the trustee's recommendations came after New City broadly disavowed any legal claims against other parties that could be used to pay its debts. The bankruptcy judge granted the trustee's motion to dismiss in reliance on the trustee's conclusion that New City was insolvent.

Back in district court, New City went through three law firms while defending against Santander's action. The suit ultimately ended in late 2019 with a default judgment when New City failed to find counsel to replace its third lawyer, who had sought to withdraw because of a breakdown in the attorney-client relationship. After accounting for prejudgment interest and attorney's fees, the court concluded that New City owed Santander about $5 million. As part of the default judgment, the court also dismissed New City's pending counterclaims against Santander for failure to prosecute.

## B. Current proceedings

Fiat Chrysler owes about $440,000 to New City in various incentive payments and other credits under their dealership agreement. Because Santander has an interest in New City's assets—including any right to distributor incentives—Fiat Chrysler initiated an interpleader action to determine who was the proper recipient of the

money. New City responded with counterclaims against Fiat Chrysler for breach of contract and violation of Illinois motor vehicle franchise laws.

The district court dismissed New City's counterclaims as barred by judicial estoppel. The court explained that New City was bound by its representations during its prior bankruptcy proceeding that it had no potential claims against any parties, including Fiat Chrysler. New City argued that judicial estoppel should not apply because Fiat Chrysler could not prove that any misrepresentation was intentional. But the court rejected this argument, relying on a Fifth Circuit rule that a debtor's omission before a bankruptcy court is inadvertent only if the debtor lacks knowledge of the undisclosed claims or has no motive for their concealment. *See Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 573 (5th Cir. 2015). The court explained that New City knew about its claims against Fiat Chrysler when it drafted its bankruptcy filings. Indeed, New City had already filed similar claims against Fiat Chrysler with Illinois's Motor Vehicle Review Board before it filed for bankruptcy.

Santander eventually sought summary judgment in June 2020, laying out why it had a claim to the disputed funds and priority over other creditors. In response, New City contested whether it had defaulted on its loans from Santander. New City advanced an argument similar to one it advanced more than two years earlier when Santander initially sued New City: New City insisted that Santander breached its contractual and fiduciary duties to New City and tortiously interfered with New City's business. Santander's actions, New City maintained, voided any security interest in New City's assets.

The district court entered summary judgment for Santander, concluding that New City's counterarguments failed for three reasons. First, the court ruled that New City waived any contract or tort claims by raising them for the first time in opposition to summary judgment, instead of pleading them as crossclaims in the interpleader action. Second, even if not waived, the court reasoned that New City's claims were barred by judicial estoppel for the same reasons that judicial estoppel had barred New City's counterclaims against Fiat Chrysler. Third, the court concluded that New City's arguments were barred by collateral estoppel because the same issues had already been resolved by the default judgment in the previous action.

## II

We start with Fiat Chrysler's motion to dismiss New City's appeal of the district

court's order dismissing New City's counterclaims against Fiat Chrysler. As Fiat Chrysler points out, the intended scope of New City's appeal is somewhat vague. According to New City's notice of appeal, New City appealed both the district court's order entering summary judgment for Santander and the court's earlier ruling dismissing New City's counterclaims against Fiat Chrysler. But the substance of New City's brief focuses on only its claims against Santander. Apart from a couple conclusory statements asking us to reverse both decisions, New City does not make *any* argument with respect to its counterclaims against Fiat Chrysler or explain why the dismissal of those claims was improper. New City's disinterest in appealing the dismissal of its counterclaims against Fiat Chrysler is further evident from how New City prepared its short appendix. Although an appellant must include each challenged ruling in its appendix, *see* FED. R. APP. P. 30(a)(1)(C) and CIR. R. 30(a), the appendix attached to New City's brief includes only the district court's summary judgment ruling in favor of Santander.

An opening brief must contain "the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8)(A). We will dismiss an appeal when an appellant offers nothing more than a "generalized assertion of error." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Here, although New City has dragged Fiat Chrysler into appellate court, New City's brief mentions its counterclaims against Fiat Chrysler only in passing, and only as they relate to its dispute with Santander. And although New City says it opposes Fiat Chrysler's motion to dismiss, New City has still not explained its basis for challenging the dismissal order—even after oral argument and full briefing on the merits and the motion to dismiss. We thus grant Fiat Chrysler's request to dismiss the appeal of the ruling dismissing New City's counterclaims against Fiat Chrysler.

We, however, reject Santander's invitation to dismiss the appeal in its *entirety*. Specifically, in response to Fiat Chrysler's motion to dismiss, Santander argues that the appeal should be dismissed in its entirety for failure to comply with Rule 28. But summary disposition of an entire appeal is rare. *United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006). At the broadest level, New City has fulfilled its basic obligations under Rule 28 because it (1) explains what errors it believes the district court made in the summary judgment ruling, (2) cites portions of the record, and (3) cites legal authority that it believes furthers its case. We now turn to New City's assertion of error.

## III

According to New City, the district court erred when entering summary judgment for Santander. The parties focus on the district court's application of judicial estoppel, but judicial estoppel was only one of three grounds that the court relied on at summary judgment. The court also concluded that New City waived its crossclaims against Santander by failing to raise them prior to its brief in opposition to summary judgment. We see no reversible error in that conclusion. The parties express some uncertainty about whether New City's claims against Santander should have been properly characterized as affirmative defenses rather than crossclaims. But either way, they were untimely because the federal rules required New City to raise both crossclaims and affirmative defenses in its pleadings. *See* FED. R. CIV. P. 8(c) and 13(g). Because New City waited almost a year and a half to instead raise any crossclaims or affirmative defenses at summary judgment, the district court had discretion to reject New City's arguments as untimely. *See Castro v. Chi. Hous. Auth.*, 360 F.3d 721, 735 (7th Cir. 2004) (affirmative defenses); *Principal Mut. Life Ins. Co. v. Charter Barclay Hosp., Inc.*, 81 F.3d 53, 57 (7th Cir. 1996) (counterclaims).

Apart from the untimely crossclaims, New City made no argument for why Santander was not entitled to the disputed funds. Because we see no reason to conclude that the court abused its discretion when rejecting New City's crossclaims as untimely, the court properly granted Santander's request for summary judgment. We affirm the judgment on that basis. We do not decide whether the court correctly concluded that New City's arguments were also barred by judicial estoppel or issue preclusion (collateral estoppel).

## IV

For the above reasons, we DISMISS New City's appeal of the district court's ruling dismissing New City's counterclaims against Fiat Chrysler, and we AFFIRM the district court's judgment in favor of Santander.