PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GEORGIA PACIFIC CONSUMER
PRODUCTS, LP,

*Plaintiff-Appellant,*

and

GEORGIA-PACIFIC CORPORATION,

*Plaintiff,*

v.

VON DREHLE CORPORATION, a North
Carolina corporation,                         No. 12-1444

*Defendant-Appellee,*

and

CAROLINA JANITORIAL &
MAINTENANCE SUPPLY, a North
Carolina corporation,

*Defendant,*

MYERS SUPPLY, INCORPORATED,

*Intervenor/Defendant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(5:05-cv-00478-BO)

Argued: February 1, 2013

Decided: March 14, 2013

Before GREGORY and KEENAN, Circuit Judges, and Robert E. PAYNE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

---

Vacated and remanded by published opinion. Judge Keenan wrote the opinion, in which Judge Gregory and Senior Judge Payne joined.

---

## COUNSEL

**ARGUED:** Miguel A. Estrada, GIBSON, DUNN & CRUTCHER, LLP, Washington, D.C., for Appellant. Michael Paul Thomas, PATRICK HARPER & DIXON, LLP, Hickory, North Carolina, for Appellee. **ON BRIEF:** Stephen P. Demm, John Gary Maynard, III, George P. Sibley, III, HUNTON & WILLIAMS LLP, Richmond, Virginia; Jonathan C. Bond, GIBSON, DUNN & CRUTCHER, LLP, Washington, D.C.; W. Kyle Carpenter, WOOLF, MCCLANE, BRIGHT, ALLEN & CARPENTER, Knoxville, Tennessee, for Appellant. Susan W. Matthews, PATRICK HARPER & DIXON, LLP, Hickory, North Carolina; Albert P. Allan, ALLAN IP LITIGATION, Charlotte, North Carolina; Stephen L. Curry, Little Rock, Arkansas, for Appellee.

---

## OPINION

BARBARA MILANO KEENAN, Circuit Judge:

In our previous consideration of this trademark infringement dispute between plaintiff Georgia-Pacific Consumer Products, LP (Georgia-Pacific) and von Drehle Corporation (von Drehle), we vacated the district court's award of summary judgment in von Drehle's favor, and remanded the case

for a jury determination whether von Drehle was liable for contributory trademark infringement. *Georgia Pacific Consumer Prods., LP v. Von Drehle Corp.*, 618 F.3d 441 (4th Cir. 2010). More than three months after we issued that decision, von Drehle sought for the first time to amend its answer to include the affirmative defenses of claim preclusion and issue preclusion (the preclusion defenses). These defenses were based on the purportedly preclusive effect of a judgment in favor of one of von Drehle's distributors, which was entered by a federal district court in Arkansas a few weeks before the district court's summary judgment determination that we vacated in the earlier appeal.

The district court initially denied von Drehle's request to amend its pleadings to assert the preclusion defenses, finding that the request was untimely and was prejudicial to Georgia-Pacific. The matter proceeded to a jury trial, resulting in a verdict in Georgia-Pacific's favor. Thereafter, the district court issued an order vacating the jury verdict and awarding judgment in von Drehle's favor, relying on the preclusion defenses arising from the Arkansas case that the district court earlier had rejected. *Georgia-Pacific Consumer Prods. LP v. Von Drehle Corp.*, 856 F. Supp. 2d 750 (E.D.N.C. 2012). Georgia-Pacific appeals from the district court's judgment in favor of von Drehle.

Upon our review, we hold that the district court erred in vacating the jury verdict and in awarding judgment in von Drehle's favor. We reach this decision because: (1) von Drehle waived the preclusion defenses by failing to assert them in a timely manner; and (2) the district court erred in alternatively considering the preclusion defenses sua sponte. Accordingly, we vacate the district court's award of judgment in von Drehle's favor, and we remand the case to the district court with instructions to reinstate the jury's verdict in favor of Georgia-Pacific.

I.

A.

The facts underlying this dispute are discussed in detail in our previous adjudication of this case. *See* 618 F.3d at 444-48. Georgia-Pacific is a manufacturer of numerous commercial products, including paper towels and dispensers designed for use in the home and in business retail and "hospitality" settings. In the early 2000s, Georgia-Pacific manufactured and began marketing a "touchless" paper towel dispenser (the GP dispenser) under the "enMotion" product line. The GP dispenser was different in size and dimensions from competing dispensers, and Georgia-Pacific developed high-quality paper towels with a fabric-like feel (the GP paper towels), which were designed specifically for use in the GP dispensers. The leases for the dispensers between Georgia-Pacific and its distributors, and the subleases that the distributors were required to enter into with "end-user" customers such as hotels and restaurants, both stipulated that only the GP paper towels were to be used in the GP dispensers. *Id.* at 444-47.

Soon after the GP dispensers entered the marketplace, von Drehle, a smaller competitor of Georgia-Pacific, developed a line of paper towels (the von Drehle paper towels) that were designed for use in the GP dispensers. The von Drehle paper towels were inferior in quality to the GP paper towels, but von Drehle and its distributors marketed the von Drehle paper towels as a cheaper alternative for use in the GP dispensers, a practice known in the industry as "stuffing." *Id.* at 447-48.

In July 2005, Georgia-Pacific filed a complaint against von Drehle in the United States District Court for the Eastern District of North Carolina, alleging, among other things, contributory trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).[1] During the pendency of

---

[1]Georgia-Pacific alleged several additional claims, including: unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C.

this litigation with von Drehle, Georgia-Pacific filed separate complaints in several other federal district courts against various distributors of von Drehle's paper towels, including: (1) a complaint in the Western District of Arkansas (the Arkansas court) filed in September 2008 against Myers Supply, Inc. (the *Myers* case); (2) a complaint in the Northern District of Ohio filed in May 2009 against Four-U-Packaging, Inc. (the *Four-U* case); and (3) a complaint, also filed in May 2009, in the Southern District of Ohio against Superior Janitor Supply, Inc. (the *Superior* case). In these complaints, Georgia-Pacific raised, among other claims, a claim for contributory trademark infringement based on these distributors' acts of marketing and selling the von Drehle paper towels for use in the GP dispensers.

In March 2008, the district court in the present case denied Georgia-Pacific's and von Drehle's cross-motions for summary judgment. In April 2009, however, the district court held a hearing during which the court informed the parties that it was reconsidering, sua sponte, von Drehle's motion for summary judgment. On August 14, 2009, the court entered an order granting summary judgment in von Drehle's favor on the contributory trademark infringement claim. 645 F. Supp. 2d 532 (E.D.N.C. 2009).

In its summary judgment decision, the district court concluded that Georgia-Pacific failed to adduce sufficient facts to allow a jury to find that von Drehle's sale of its paper towels for use in the GP dispensers caused consumer confusion regarding the identity of the towel manufacturer. *Id.* at 536-

---

§ 1125(a); unfair competition in violation of North Carolina common law; and tortious interference with contractual relationships in violation of North Carolina common law. von Drehle filed a counterclaim asserting a violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75–1.1. The only claim at issue during the trial was the contributory trademark infringement claim, and none of the additional claims are at issue in the present appeal.

37. The court also found that Georgia-Pacific incorrectly focused on the actual users of the towels in the GP dispensers as the relevant class of persons in the "likelihood of confusion" analysis. *Id.* at 537. The court held that, instead, the relevant class of consumers in such an analysis was the business owners who purchased the paper towels for use by their patrons. *Id.*

On appeal, in an opinion issued on August 10, 2010, we vacated the district court's award of summary judgment in favor of von Drehle on the contributory trademark infringement claim, and remanded the matter for further proceedings consistent with our decision. 618 F.3d 441. We concluded that "the district court erred in limiting its likelihood of confusion inquiry to distributors who purchased [the von Drehle paper towels] and their respective end-user customers," and that the likelihood of confusion inquiry could take into account confusion among the non-purchasing public, such as restroom users. *Id.* at 453. We further concluded that Georgia-Pacific "proffered sufficient evidence for a reasonable jury to find [a] likelihood of confusion among restroom visitors as to the source of the paper toweling being dispensed from [the GP dispensers] when such dispensers are stuffed with" the von Drehle paper towels. *Id.* at 454. Accordingly, we held that Georgia-Pacific had satisfied its burden at the summary judgment stage to allow a jury to make the ultimate determination whether von Drehle was liable for contributory trademark infringement.[2] *Id.* at 455.

---

[2]"Because [Georgia-Pacific] has proffered sufficient evidence, viewed in the light most favorable to [Georgia-Pacific], for a reasonable jury to find, by a preponderance of the evidence, in favor of [Georgia-Pacific] with respect to each element of [Georgia-Pacific's] contributory trademark infringement . . . claim[ ] under the Lanham Act . . . , we vacate the district court's grant of summary judgment in favor of [von Drehle] . . . and remand for further proceedings consistent with this opinion." 618 F.3d at 455.

B.

On November 19, 2010, more than three months after we issued our opinion vacating the district court's summary judgment order, and more than two months after our mandate was issued,[3] von Drehle sought for the first time to amend its answer to assert the affirmative defenses of claim preclusion and issue preclusion.[4] The defenses were based on the purported preclusive effect of the *Myers* judgment entered in July 2009. *See Georgia-Pacific Consumer Prod. LP v. Myers Supply, Inc.*, No. 6:08–cv–6086, 2009 WL 2192721 (W.D. Ark. July 23, 2009) (the *Myers* decision or the *Myers* judgment), *aff'd*, 621 F.3d 771 (8th Cir. 2010). The district court in *Myers* found in the defendant distributor's favor, concluding that Georgia-Pacific failed to demonstrate that the defendant distributor's "stuffing" of the von Drehle paper towels in the GP dispensers created a likelihood of confusion.[5] 2009 WL 2192721, at *6-8. Notably, von Drehle's trial counsel in the present matter attended the *Myers* bench trial, and immediately thereafter was made aware of the Arkansas court's judgment.

In total, more than 480 days elapsed between the Arkansas court's decision in *Myers* and von Drehle's initial attempt in the district court to assert the preclusion defenses based on the *Myers* holding. As noted above, the district court in the present case initially denied von Drehle's motion to amend its

---

[3]The mandate of this Court was issued on September 16, 2010.

[4]Although we refer to these defenses as "claim preclusion" and "issue preclusion" in this opinion, courts often refer to such defenses as "res judicata" and "collateral estoppel," respectively.

[5]In contrast to our decision in the initial appeal of this case, the court in *Myers* found that the relevant focus for the likelihood of confusion analysis was the business purchasers of the paper towels, rather than the restroom patrons who actually used them. 2009 WL 2192721, at *6. Additionally, we observe that the court in *Myers* was examining Georgia-Pacific's claim in the context of the local Arkansas market served by that defendant distributor.

answer and affirmative defenses on the basis that the motion was untimely.[6] In that initial order in March 2011, the district court noted that the "Arkansas decision [in *Myers* was] issued 16 months before the filing of [von Drehle's] motion" to amend, and that von Drehle had not raised the preclusion defenses in the earlier appeal before this Court. The district court further stated in the order that:

> von Drehle has *unduly delayed* in amending its Answer. Although von Drehle was not a party to the Arkansas case, two of von Drehle's attorneys [attended] the trial and knew about the court's decision. Up until now, von Drehle has *never requested* that this [c]ourt, or the Fourth Circuit, stay or dismiss this case for issue or claim preclusion. To the contrary, von Drehle continued to pursue its counterclaim up to the Fourth Circuit for a year after the Arkansas decision. Similarly, von Drehle has had 16 months to 'clarify' its other defenses in the wake of the [*Myers* decision]. von Drehle has provided *no justifiable reason for its delay*, and its argument that no significant time has passed is unpersuasive.

> Alternatively, these amendments *would prejudice GP*. In the 16 months between the Arkansas decision and von Drehle's motion, GP has expended considerable time, energy, and resources litigating this case. This matter is finally ready for trial. All this effort, not to mention the efforts of this Court and that of the Fourth Circuit, could have been avoided if von Drehle had amended its defenses to include claim and issue preclusion back in 2009. *von Drehle cannot now be rewarded after it wasted the time and money of GP and the justice system*. For the same

---

[6]von Drehle filed a motion to dismiss Georgia-Pacific's complaint along with von Drehle's motion to amend its pleadings. The district court denied both motions.

reasons, von Drehle cannot now 'clarify' its defenses based on the Arkansas decision [in *Myers*].

(Emphasis added) (citations and internal quotation marks omitted). von Drehle later filed a motion asking that the district court reconsider its decision, which the court also denied.

In November 2011, about two months before the scheduled trial date, von Drehle again filed a motion to amend its answer to include the preclusion defenses, and a motion for summary judgment based on those defenses. von Drehle asserted that consideration of the preclusion defenses was proper because the Northern District of Ohio in the *Four-U* case had issued a decision four days earlier, holding that Georgia-Pacific's claims against that defendant distributor were precluded based on the *Myers* judgment.[7] *See Georgia-Pacific Consumer Prods. LP v. Four-U-Packaging, Inc.*, 821 F. Supp. 2d 948 (N.D. Ohio 2011) (the *Four-U* decision). The district court did not rule on von Drehle's motions before trial.

After more than six years of litigation, a jury trial began in the district court on January 4, 2012. At the conclusion of a three-day trial, the jury issued a verdict in Georgia-Pacific's favor, finding that von Drehle had infringed on Georgia-Pacific's valid trademark, and awarded Georgia-Pacific dam-

---

[7]Notably, as discussed later in this opinion, the defendant distributor in *Four-U* timely raised its preclusion defense by asserting that defense about ten days after the *Myers* judgment was issued. The Northern District of Ohio's decision in *Four-U* was based solely on the defendant's preclusion argument, rather than on an independent examination of the evidence. *See* 821 F. Supp. 2d at 952-55. We also observe that in September 2011, a district court in the Southern District of Ohio issued its decision holding that *Myers* did not have preclusive effect with respect to the *Superior* case. That court concluded that the differences between the *Superior* case and *Myers*, including the intent of the respective defendants, the continuing expansion of the enMotion product line, and the geographic locations in which the paper towels were used, rendered preclusion inapplicable. *Georgia-Pacific Consumer Prods. LP v. Superior Janitor Supply, Inc.*, No. 1:09cv323, 2011 WL 4002563, at *3-4 (S.D. Ohio Sept. 8, 2011).

ages in the amount of $791,431. The district court entered judgment in accordance with the jury verdict.

von Drehle filed a post-trial motion renewing its request for judgment as a matter of law, and an additional motion seeking to supplement its answer to include the preclusion defenses. In a reversal of its previous orders addressing the same issue, the district court allowed von Drehle to assert claim preclusion and issue preclusion as affirmative defenses, and entered judgment as a matter of law in von Drehle's favor based on those defenses, thereby vacating the judgment in favor of Georgia-Pacific. 856 F. Supp. 2d at 757.

In a memorandum opinion accompanying its final judgment order, the district court stated that it agreed to consider the preclusion defenses because von Drehle timely brought the *Four-U* decision to the court's attention. 856 F. Supp. 2d at 755. The district court stated that, in the alternative, it would consider the preclusion defenses sua sponte. *Id.*

Comparing the issues then before the district court with the issues decided by the Arkansas court in *Myers*, the district court held that Georgia-Pacific's claims were barred under both the doctrine of claim preclusion and the doctrine of issue preclusion. 856 F. Supp. 2d at 756-57. Although the district court made passing mention of the *Four-U* decision, the court's substantive analysis focused on the judgment in the *Myers* case and whether that case precluded Georgia-Pacific's claims in the present matter. *See* 856 F. Supp. 2d at 757 ("[T]he Court finds that a *preclusion defense based on the earlier judgment entered in the Western District of Arkansas*, which was affirmed by the Eighth Circuit Court of Appeals and held to be preclusive in the Northern District of Ohio, is justified.") (emphasis added). After the district court entered judgment in von Drehle's favor, Georgia-Pacific timely filed a notice of appeal.

## II.

### A.

Georgia-Pacific argues that von Drehle waived the preclusion defenses by failing to assert them in a timely manner, and that the district court abused its discretion by considering those defenses. We review a district court's decision to grant or deny a party leave to amend its pleadings under an abuse-of-discretion standard. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999); *see also Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc). Among other circumstances, a district court abuses its discretion when it acts in an "arbitrary manner" or relies on an erroneous principle of law. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012).

Under Rule 8(c)(1) of the Federal Rules of Civil Procedure, the defenses of claim preclusion and issue preclusion are affirmative defenses that must be pleaded. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971) (citing Fed. R. Civ. P. 8(c)). A party may be held to have waived such preclusion defenses when that party has not properly and timely asserted them. *See Arizona v. California*, 530 U.S. 392, 410 (2000) ("[R]es judicata [is] an affirmative defense [that is] ordinarily lost if not timely raised."); *see also Mun. Resale Serv. Customers v. FERC*, 43 F.3d 1046, 1052 n.4 (6th Cir. 1995) ("Res judicata and collateral estoppel are affirmative defenses which are waived if not timely asserted.").

Even when a preclusion defense is not available at the outset of a case, a party may waive such a defense arising during the course of litigation by waiting too long to assert the defense after it becomes available. *See Arizona*, 530 U.S. at 413 (holding that party could not raise preclusion as a defense when party could have raised the defense earlier in the proceedings but did not, "despite ample opportunity and cause to do so"); *Davignon v. Clemmey*, 322 F.3d 1, 15 (1st Cir. 2003)

(holding that district court abused its discretion by allowing defendant to assert preclusion defense "at the eleventh hour"); *Aetna Cas. & Sur. Co. v. Gen. Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992) (holding that preclusion defense which was not available at the outset of litigation had to be "raised at the first reasonable opportunity after the rendering of the decision having the preclusive effect"); *Home Depot, Inc. v. Guste*, 773 F.2d 616, 620 n.4 (5th Cir. 1985) ("Even if it is not practicable to raise [preclusion as an affirmative defense] in the pleadings, the party wishing to raise the defense is obliged to assert it at the earliest moment practicable."); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) ("[T]he party wishing to raise [preclusion as a] defense is obliged to plead [it] at the earliest possible moment.") (citation omitted).

Upon consideration of the parties' arguments, we agree with Georgia-Pacific that von Drehle's failure to timely assert the preclusion defenses based on the *Myers* judgment effected a waiver of those defenses.[8] Manifestly, the facts and dates recited above show that von Drehle did not raise its preclusion defenses "at the first reasonable opportunity," *Aetna*, 968 F.2d at 711, much less at the "earliest possible moment," *Evans*, 704 F.2d at 47; *Home Depot*, 773 F.2d at 620 n.4.

Instead, von Drehle allowed three significant periods in the litigation to conclude before first seeking to assert the preclusion defenses. These three periods included: (1) the twenty-

---

[8]The *Myers* judgment became final for preclusion purposes upon its issuance. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981) ("final judgment" required for application of res judicata). The fact that Georgia-Pacific filed a notice of appeal in that case did not change the operative date that the *Myers* decision became a "final judgment." *See, e.g.*, *Smith v. SEC*, 129 F.3d 356, 362 n.7 (6th Cir. 1997) (en banc) ("The fact that Smith has an appeal of that judgment pending does not deprive the judgment of res judicata effect."); *Amcast Indus. Corp. v. Detrex Corp.*, 45 F.3d 155, 158 (7th Cir. 1995) ("a final judgment is res judicata even if it is still appealable").

two days that elapsed between the *Myers* decision and the district court's award of summary judgment in August 2009; (2) the twelve-month period that this Court retained jurisdiction over this matter in the initial appeal, during which von Drehle could have argued that the *Myers* decision provided an alternative basis for affirmance of the district court's summary judgment decision;[9] and (3) the three-month period that elapsed between the issuance of our opinion vacating the district court's judgment and the motion filed by von Drehle in November 2010 seeking leave to amend its pleadings.

As the district court duly noted in its initial ruling in March 2011, von Drehle's request was untimely because: (1) von Drehle's counsel had immediate knowledge of the *Myers* decision; (2) von Drehle failed to provide a valid reason for its delay; (3) von Drehle's inaction caused Georgia-Pacific to expend "considerable time, energy, and resources" litigating this matter; and (4) after several years of litigation in the district court and this Court, the case was ready for trial. Despite this ruling, after the jury's verdict, the district court repudiated these earlier findings by granting judgment in von Drehle's favor based on the same *Myers*-based preclusion defenses that the court previously had barred. The district court did not change its initial conclusion that von Drehle's delay was unjustified, nor did the court revisit its earlier finding that Georgia-Pacific had been prejudiced by von Drehle's delay in asserting the preclusion defenses. Nonetheless, the district court held that it was "appropriate" to consider von

---

[9]*See United States v. Smith*, 395 F.3d 516, 519 (4th Cir. 2005) ("We are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record."); *Ostrzenski v. Seigel*, 177 F.3d 245, 253 (4th Cir. 1999) ("[W]e may affirm the dismissal by the district court on the basis of any ground supported by the record even if it is not the basis relied upon by the district court."). Notably, von Drehle spent four paragraphs discussing *Myers* in the statement of facts section of its opening brief in the initial appeal, yet failed to argue that the *Myers* decision should be dispositive of the outcome of Georgia-Pacific's claims against von Drehle.

Drehle's preclusion defenses post-trial because von Drehle "promptly alerted the [c]ourt to the holding by the Northern District of Ohio" in the *Four-U* case.

We conclude that the district court acted in an "arbitrary manner," and, thus, abused its discretion, in relying on the *Four-U* decision to "revive" the preclusion defenses that substantively were based on *Myers*. *See Nicholson*, 676 F.3d at 383. The district court effectively used the *Four-U* decision as a "strawman" to consider belatedly the preclusive effect of *Myers*. Referencing the *Myers* decision, the district court held "that a preclusion defense *based on* the earlier judgment entered in the Western District of *Arkansas*, which was affirmed by the Eighth Circuit Court of Appeals and held to be preclusive in the Northern District of Ohio, is justified."[10] 856 F. Supp. 2d at 757 (emphasis added).

The *Four-U* decision, however, did not address the merits of the trademark claim, as that court did not consider Georgia-Pacific's evidence in relation to the "likelihood of confusion" standard applicable in the Sixth Circuit. Instead, *Four-U* was decided in the defendant distributor's favor based solely on an application of the issue preclusion doctrine relying on *Myers*. *See Four-U*, 821 F. Supp. 2d at 952-55. Thus, contrary to von Drehle's contention, the *Four-U* decision did not have any preclusive effect independent of the *Myers* decision, and did not provide a separate basis for timely assertion of the preclusion defenses.

For purposes of the present appeal, it is not necessary that we determine the precise point at which von Drehle waived the preclusion defenses, because it is readily apparent that those defenses were no longer available to von Drehle when it first raised them more than 480 days after the *Myers* judg-

---

[10]We reject as unfounded, therefore, von Drehle's argument that the district court's substantive analysis of the preclusion defenses in this case was informed by the *Four-U* decision.

ment was issued. *See Arizona*, 530 U.S. at 410 (prohibiting party from asserting preclusion defense that became available earlier during the pendency of the litigation but was not timely raised, and rejecting "the notion that a party may wake up because a 'light finally dawned,' years after the first opportunity to raise a defense" arose).

## B.

We next consider von Drehle's argument that, irrespective of any waiver on its part, the district court properly considered the preclusion defenses sua sponte. A court may raise sua sponte an affirmative defense based on preclusion only in "special circumstances." *Arizona*, 530 U.S. at 412, *quoted in Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006).

In *Arizona*, the Supreme Court identified one such "special circumstance" as occurring when "a court is on notice that it has previously decided the issue presented" in another case and, by raising the issue on its own motion in a different case, thereby may avoid "unnecessary judicial waste."[11] 530 U.S. at 412 (citation omitted). However, that circumstance plainly was not present here, and von Drehle has not identified any other "special circumstance" justifying the district court's unusual action.

Indeed, this case was particularly ill-suited for sua sponte consideration of preclusion defenses that were known long before trial, given that the issue of trademark infringement

---

[11]*See United States v. Mitchell*, 518 F.3d 740, 750-51 (10th Cir. 2008) (discussing *Arizona* and holding that actions should not be dismissed sua sponte "when judicial resources and administration are not implicated"); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) (stating that "special circumstances" are present if the court's records "show that a previous action covering the same subject matter *and parties* ha[s] been dismissed") (emphasis in original) (internal quotation marks and citation omitted).

already had been decided by the jury. Thus, the district court's sua sponte consideration of the preclusion defenses actually wasted judicial resources, rather than sparing them. *Cf. id.* (observing that "avoidance of unnecessary judicial waste" is one of the policies underlying preclusion-based defenses) (citation omitted).[12] Accordingly, we conclude that the district court erred in alternatively considering the preclusion defenses sua sponte.[13]

## III.

For these reasons, we conclude that: (1) von Drehle waived its preclusion defenses purportedly arising from the *Myers* judgment by failing to raise them in a timely manner; (2) the *Four-U* decision did not have any independent, preclusive effect or otherwise serve to "revive" von Drehle's waived preclusion defenses, and the district court erred in concluding

---

[12]We further observe that von Drehle did not discuss the holding in *Arizona* in its brief, or otherwise respond substantively to Georgia-Pacific's argument that the present record fails to show that there were any special circumstances justifying the district court's sua sponte action.

[13]Although we are not required to reach the issue, we nevertheless note our concern that the district court acted in contravention of the mandate rule in considering von Drehle's preclusion defenses. The mandate rule requires that the district court "implement both the letter and spirit of the . . . mandate, taking into account [our] opinion and the circumstances it embraces." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (citation and internal quotation marks omitted). In the context of this case, the mandate rule required that the district court allow the jury to make the ultimate determination whether Georgia-Pacific could establish that von Drehle infringed Georgia-Pacific's trademarks, absent "very special" circumstances that were not present. *See id.* at 67 (listing the three limited exceptions to the mandate rule). The district court, however, took this issue away from the jury by allowing the Arkansas court's judgment in *Myers* to decide the likelihood of confusion issue in this case. Accordingly, the district court's reliance on *Myers* in this respect was a failure to "implement both the letter and spirit" of our mandate. *See Bell*, 5 F.3d at 66. Separately, the mandate rule also "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise *waived*, for example because they were *not raised in the district court*." *Id.* (emphasis added).

otherwise; (3) the district court abused its discretion by allowing von Drehle to assert its preclusion defenses 16 months after the substantive basis for those defenses was known to von Drehle; (4) the district court erred in alternatively considering, sua sponte, von Drehle's preclusion defenses.[14] Accordingly, we hold that the district court erred in setting aside the jury verdict and in awarding judgment in favor of von Drehle. We vacate the district court's judgment and remand this matter to the district court, with the specific instruction that the district court reinstate the jury verdict in favor of Georgia-Pacific and consider Georgia-Pacific's requests for injunctive and other appropriate relief.

*VACATED AND REMANDED*

---

[14]Based on our holding that von Drehle waived its preclusion defenses by failing to assert them in a timely manner, and that the district court abused its discretion in considering those defenses, both sua sponte and as raised by von Drehle, we do not reach the parties' additional arguments regarding the merits of the preclusion defenses.