**ON REHEARING**
**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4771

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ADRIAN DEMOND HYMAN,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:15-cr-00311-LCB-1)

Argued: October 24, 2017                        Decided:  March 9, 2018

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Motion to dismiss granted by published opinion. Judge Agee wrote the opinion, in which Judge Wilkinson and Judge Duncan joined.

**ARGUED:** Sarah Marie Powell, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant. Vijay Shanker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Kenneth A. Blanco, Acting Assistant Attorney General, Trevor N. McFadden, Deputy Assistant Attorney General, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Sandra J. Hairston, Acting United States Attorney, Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

AGEE, Circuit Judge:

Adrian Demond Hyman filed his notice of appeal late in violation of the Federal Rules of Appellate Procedure. In response, the Government filed a motion to dismiss the appeal due to his failure to meet the requirement for timely filing. Hyman contends the Government was tardy in filing the motion to dismiss and that delay effectively cures any failure to observe the requirements of the Rules on his part. For the reasons discussed below, we find Hyman's argument to be without merit and grant the Government's motion to dismiss the appeal.

I.

Hyman pleaded guilty in the United States District Court for the Middle District of North Carolina to one count of distribution of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). In a judgment order filed June 27, 2016, the court sentenced Hyman to fifty-seven months' imprisonment with three years of supervised release. On November 22, 2016, Hyman filed a pro se notice of appeal challenging his sentence.[1] This Court appointed counsel and ordered briefing. Hyman filed his opening brief and joint appendix on February 13, 2017.

On March 2, 2017, the Government filed a motion to dismiss the appeal and suspend briefing, and we suspended briefing pending our ruling on the motion to dismiss. In its motion, the Government argued that Hyman had violated Federal Rule of Appellate Procedure 4(b)(1)(A) by failing to file a notice of appeal within fourteen days of the

---

[1] The notice of appeal was dated November 2, 2016, and the envelope was postmarked on November 15, 2016.

2

district court's judgment order and that delinquency required dismissal of the appeal. Hyman responded that the Court should allow the untimely appeal because the Government unnecessarily delayed its filing of the motion to dismiss until after he had filed his opening brief. The Government did not reply. We calendared the appeal and motion to dismiss for oral argument and resumed the briefing schedule.

In its response brief on appeal, the Government specifically argued that it was permitted to file a motion to dismiss pursuant to our Local Rule 27(f). Hyman did not respond to this contention in his reply brief. We heard oral argument and now grant the Government's motion to dismiss. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.

Rule 3(a)(1) of the Federal Rules of Appellate Procedure mandates the timely filing of a notice of appeal in accordance with Rule 4. In turn, Rule 4(b)(1)(A) requires a criminal defendant to file his notice of appeal within fourteen days of the entry of the district court's judgment of conviction.[2] Since Hyman's final order of conviction was entered in the district court on June 27, 2016, he was required to file his notice of appeal no later than July 11, 2016. *See* Fed. R. App. P. 4(b)(1)(A). Consequently, Hyman's notice of appeal filed November 22, 2016, and dated November 2, 2016, was over three months late.

---

[2] Rule 4(b)(3) extends the time to file to fourteen days from the resolution of certain post-trial motions, and Rule 4(b)(4) also permits the district court—upon motion or sua sponte—to extend the filing period by thirty days "[u]pon a finding of excusable neglect or good cause." Neither rule applies in this case.

The parties agree that the late filing of a notice of appeal does not deprive the Court of subject matter jurisdiction, but Rule 4 is a mandatory claim-processing rule. *See United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009) (holding that a violation of Rule 4(b) does not deprive the Court of jurisdiction); *see also Manrique v. United States*, 581 U.S. __, 137 S. Ct. 1266, 1271 (2017) (refusing to determine whether Rule 4 is jurisdictional but stating that "[t]he requirement that a defendant file a timely notice of appeal . . . is at least a mandatory claim-processing rule"). A mandatory claim-processing rule—like Rule 4(b)(1)(A)—is inflexible "but 'can nonetheless be forfeited if the party asserting the rule waits too long to raise the point.'" *Eberhart v. United States*, 546 U.S. 12, 15 (2005) (per curiam) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004)).

In addition to the Federal Rules of Appellate Procedure, our Court has promulgated Local Rules that also apply to cases in this Circuit. *See* Fed. R. App. P. 47(a) (permitting each court of appeals to, "after giving appropriate public notice and opportunity for comment, make and amend rules governing its practice"). Local Rule 27(f) states, "Motions to dismiss based upon the ground that the appeal is not within the jurisdiction of the Court or for other procedural grounds may be filed at any time."

Local Rule 27(f) is a broad rule that allows a party to move to dismiss (1) on procedural grounds, *and* (2) at any time. We apply the rule in accordance with its plain language. *See United States v. Shank*, 395 F.3d 466, 469 (4th Cir. 2005) (first rejecting the appellant's arguments due to "the plain language of the rule"). Local Rule 27(f) clearly and unambiguously allows a party to file a motion to dismiss on procedural grounds *at any time*.

Because we are required to strictly apply claim-processing rules if they are timely raised, and because our Local Rules as currently written permit a party to raise the timeliness issue at any time, we grant the Government's motion to dismiss. *Eberhart*, 546 U.S. at 18 (recognizing that "when the Government objected to a filing untimely under [Federal Rule of Criminal Procedure 37, the predecessor to Federal Rule of Appellate Procedure 4(b)], the court's duty to dismiss the appeal was mandatory"). In fact, if we were to deny its motion to dismiss, we would in effect be sanctioning the Government for following our own Rule. Under the Federal Rules of Appellate Procedure, we cannot do so. *See* Fed. R. App. P. 47(b) ("No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local circuit rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.").

In his response to the Government's motion to dismiss, Hyman cites to our precedent for the proposition that a party must raise the timeliness issue as early as possible. *See Ga. Pac. Consumer Prods., LP v. Von Drehle Corp.*, 710 F.3d 527, 534 (4th Cir. 2013); *Peterson v. Air Line Pilots Ass'n, Int'l*, 759 F.2d 1161, 1164 (4th Cir. 1985). These cases, however, address affirmative defenses at trial, not appellate counterarguments. Hyman also relies on cases from the Seventh and D.C. Circuits to argue that the Government should have filed its motion before Hyman filed his opening brief. *See Ramos v. Ashcroft*, 371 F.3d 948, 950 (7th Cir. 2004); *Miss. River Transmission Corp. v. FERC*, 969 F.2d 1215, 1217 n.2 (D.C. Cir. 1992). However, the rules of those circuits regarding motions to dismiss differ from our own and have no

application to cases in this Circuit, which are subject to the Local Rules of the Fourth Circuit.[3]

Hyman did not address the application of Local Rule 27(f) in his briefs, even after the Government cited to the Rule in its brief as the basis for granting the motion to dismiss the appeal. When asked at oral argument to articulate a standard for establishing the point at which a motion to dismiss would be untimely and deemed waived, Hyman stated only that the Government was simply too late in this case. Hyman's difficulty in articulating a standard reflects the frailty of attempting to insert a nebulous equity argument in the face of a clear, mandatory claim-processing rule. Moreover, Hyman never identified any prejudice he suffered by virtue of the timing of the Government's motion to dismiss.

Finally, our recent decision in *United States v. Oliver*, __ F.3d __, 2017 WL 6505851 (4th Cir. Dec. 20, 2017), is not inapposite. In that case, the Court determined the conditions necessary to warrant the exercise of its inherent power sua sponte under Local Rule 27(f), which states in pertinent part, "The Court may also sua sponte summarily dispose of any appeal at any time." Within its analysis, the Court addressed when a party may file a motion to dismiss, stating, "[I]f the [respondent] fails to object promptly to an appeal's untimeliness in either its merits brief or an earlier motion to dismiss, it generally forfeits the right to do so." *Oliver*, 2017 WL 6505851, at *2. The Court, however,

---

[3] The D.C. Circuit requires a party to file a motion to dismiss within forty-five days of the docketing of the appeal, and that deadline is mentioned in the *Mississippi River Transmission Corp.* case. *See* D.C. Cir. R. 27(g)(1). The Seventh Circuit has no rule regarding motions to dismiss and is therefore free to fashion case-specific rules. By contrast, we are constrained by our Local Rule 27(f).

recognized the broad language of Local Rule 27(f) in allowing a party to file a motion to dismiss "at any time" and declined to decide the limits of that part of the Rule, although it did determine that the Government had forfeited its right to move for dismissal because it did not object to the untimely appeal "until well after the merits briefing." *Id.* at \*2 & n.2. As in *Oliver*, we decline to determine the boundaries of Local Rule 27(f). Regardless, under whatever limitations may cabin the Rule, the Government here filed its motion to dismiss for untimeliness well within any limits recognized in *Oliver* because the Government raised the dismissal argument before filing its response brief and within that brief. Other than his argument that the Government waived the right to file the motion to dismiss by virtue of the time of its filing, Hyman raises no other arguments as to the motion to dismiss.

For all these reasons, we conclude that the Government's motion to dismiss was timely: "The court of appeals may, in its discretion, overlook defects in a notice of appeal *other than the failure to timely file a notice*." *Manrique*, 137 S. Ct. at 1274 (second emphasis added). Therefore, the Government's motion to dismiss Hyman's untimely appeal is granted. The appeal is dismissed.

*DISMISSED*