**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4615

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELIJAH LAMAR CUPITT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:20-cr-00048-HEH-1)

Submitted:  September 22, 2022                    Decided:  September 26, 2022

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax, Virginia, for Appellant.  Kenneth Ray Simon, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elijah Lamar Cupitt pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The district court sentenced Cupitt to 71 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Cupitt's appeal waiver is valid and whether Cupitt's sentence was reasonable. Although notified of his right to do so, Cupitt has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as untimely.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017). When the Government moves to dismiss the appeal within the time required by 4th Cir. R. 27(f), this court will grant the motion. *See United States v. Hyman*, 884 F.3d 496, 500 (4th Cir. 2018).

2

The district court entered judgment on October 28, 2020. Cupitt filed the notice of appeal on November 4, 2021.[1] Because Cupitt failed to file a timely notice of appeal or to obtain an extension of the appeal period and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion to dismiss the appeal.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Cupitt could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Because we conclude the appeal is untimely, we need not consider whether this appeal is barred by the appellate waiver in Cupitt's plea agreement.