**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4722**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:18-cr-00178-RDB-1)

Submitted:  February 21, 2023                    Decided:  February 23, 2023

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  Alfred Guillaume III, LAW OFFICES OF ALFRED GUILLAUME III, Greenbelt, Maryland, for Appellant.  Jason Daniel Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Johnson pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and 400 grams or more of a mixture or substance containing fentanyl, in violation of 21 U.S.C. § 846. The district court sentenced Johnson to 288 months' imprisonment. Johnson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred as a matter of law in imposing the prison term and whether that term is procedurally and substantively reasonable. Johnson filed a pro se supplemental brief. The Government has moved to dismiss the appeal as untimely.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017). When the Government moves to dismiss the appeal within the time required by 4th Cir. R. 27(f), this court will grant the motion. *See United States v. Hyman*, 884 F.3d 496, 500 (4th Cir. 2018).

2

The district court entered the criminal judgment on March 11, 2019. Johnson filed the notice of appeal on December 22, 2021.[1] Because Johnson failed to file a timely notice of appeal or to obtain an extension of the appeal period and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion to dismiss the appeal.[2] We deny Johnson's pro se motion to relieve counsel from representation.

This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Johnson could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The Government also moves to dismiss the appeal as barred by the appeal waiver in Johnson's plea agreement. Because we conclude the appeal is untimely, we need not consider whether it is barred by the appellate waiver.

3