**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4530**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRED RUDOLPH ROBBINS, JR., a/k/a Man Man,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:21-cr-00005-D-3)

───────────────

Submitted:  March 21, 2023                    Decided:  March 23, 2023

───────────────

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Jenna T. Blue, BLUE LLP, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fred Rudolph Robbins, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possession with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846.  The district court sentenced Robbins to 90 months in prison.  Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court correctly calculated Robbins' Sentencing Guidelines range.  Although notified of his right to do so, Robbins has not filed a pro se supplemental brief.  The Government has moved to dismiss the appeal as untimely.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment.  Fed. R. App. P. 4(b)(1)(A).  With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal.  Fed. R. App. P. 4(b)(4).  Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017); *see United States v. Hyman*, 884 F.3d 496, 500 (4th Cir. 2018) (granting Government's motion to dismiss appeal, which was filed within the time required by 4th Cir. R. 27(f)).

2

The district court entered the criminal judgment on November 10, 2021. Robbins filed his notice of appeal on September 13, 2022.[1] Because Robbins failed to file a timely notice of appeal or to obtain an extension of the appeal period, and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2) ("Motions to dismiss based upon the ground that the appeal is not within the jurisdiction of the Court . . . should be filed within the time allowed for the filing of the response brief."); 4th Cir. R. 31(a) (affording appellee 21 days to respond to appellant's opening brief), we grant the Government's motion to dismiss the appeal.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] For the purpose of this appeal, we rely on the postmark date appearing on the envelope in which Robbins mailed his notice of appeal as the earliest date he could have delivered the notice to prison officials for mailing to this court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Because we conclude the appeal is untimely, we need not consider whether this appeal is barred by the appellate waiver in Robbins' plea agreement.