**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

──────────

**No. 22-4389**

──────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE CHRISTOPHER BROWN,

Defendant - Appellant.

──────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:19-cr-00386-RDB-1)

──────────

Submitted:  April 20, 2023                              Decided:  April 24, 2023

──────────

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

──────────

Dismissed by unpublished per curiam opinion.

──────────

**ON BRIEF:**  Justin Eisele, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant. Brandon Keith Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

──────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Christopher Brown pled guilty, pursuant to a plea agreement, to an information charging him with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), and the district court sentenced him to 96 months' imprisonment.  Brown's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by failing to consider one of Brown's nonfrivolous arguments in mitigation.  Brown was advised of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal as untimely.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment.  Fed. R. App. P. 4(b)(1)(A)(i).  With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal.  Fed. R. App. P. 4(b)(4).  Although the appeal period in a criminal case is a nonjurisdictional claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017); *see United States v. Hyman*, 884 F.3d 496, 500 (4th Cir. 2018).

2

The district court entered the criminal judgment on September 1, 2021. Brown filed his notice of appeal on June 27, 2022.[1] Because Brown failed to file a timely notice of appeal or to obtain an extension of the appeal period and the Government has promptly moved to dismiss the appeal as untimely, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion and dismiss the appeal.[2]

This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] For the purpose of this appeal, we assume that the date appearing on the postmark is the earliest date Brown could have delivered the notice to prison officials for mailing to the court. *See* Fed. R. App. P. 4(c)(1)(A)(ii); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Because we conclude that the appeal is untimely, we need not consider whether it is also barred by the appellate waiver in Brown's plea agreement.