**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4280**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTINEZ ORLANDIS BLACK,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:06-cr-00364-RJC-1)

Submitted:  November 16, 2023                          Decided:  November 22, 2023

Before AGEE and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** Jenna Turner Blue, BLUE LLP, Raleigh, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, Elizabeth Margaret Greenough, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martinez Orlandis Black pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Black, in 2007, to 120 months in prison. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising as possible issues for review whether Black was prejudiced by a multiplicitous indictment and the district court's *Rehaif*\* error and challenging the reasonableness of the imposed sentence. Black has filed a pro se supplemental brief raising several claims, including that his trial counsel rendered ineffective assistance. The Government has moved to dismiss the appeal as untimely.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may extend the appeal period by up to 30 days. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017); *see United States v. Hyman*, 884 F.3d 496, 500 (4th Cir. 2018) (granting Government's motion to dismiss appeal, which was filed within the time allowed by 4th Cir. R. 27(f)).

---

\* *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019).

The district court entered the criminal judgment on September 4, 2007. Black filed his pro se notice of appeal on November 17, 2022. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). Because Black failed to file a timely notice of appeal or to obtain an extension of the appeal period, and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2) ("Motions to dismiss based upon the ground that the appeal is not within the jurisdiction of the Court . . . should be filed within the time allowed for the filing of the response brief."); 4th Cir. R. 31(a) (affording appellee 21 days to respond to appellant's opening brief), we grant the Government's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*