**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4657

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER CLAMON BRIDGES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:18-cr-00305-LCB-2)

Submitted:  March 28, 2024                                Decided:  April 1, 2024

Before KING and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  George E. Crump, III, Rockingham, North Carolina, for Appellant.  Margaret McCall Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Clamon Bridges seeks to appeal the district court's judgment revoking his supervised release and imposing a 24-month revocation sentence. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the revocation sentence is plainly unreasonable. Although notified of his right to do so, Bridges has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as untimely.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017); *see United States v. Hyman*, 884 F.3d 496, 500 (4th Cir. 2018) (granting Government's motion to dismiss appeal, which was filed within the time allowed by 4th Cir. R. 27(f)).

The district court entered judgment on December 27, 2022. Bridges filed the notice of appeal on October 6, 2023.* Because Bridges failed to file a timely notice of appeal or

---

* For the purposes of this appeal, we assume that the earliest date appearing on the notice of appeal is the date Bridges delivered his notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

to obtain an extension of the appeal period and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion to dismiss the appeal, *see Oliver*, 878 F.3d at 123.

This court requires that counsel inform Bridges, in writing, of the right to petition the Supreme Court of the United States for further review. If Bridges requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bridges. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*