**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-4714**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MONTRELL HILL,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Roderick Charles Young, District Judge.  (4:23-cr-00006-RCY-LRL-2)

───────────

Submitted:  July 8, 2024                           Decided:  July 24, 2024

───────────

Before KING, RICHARDSON, and HEYTENS, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax, Virginia, for Appellant.  Eric Matthew Hurt, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montrell Hill seeks to appeal his conviction and sentence.  The Government has moved to dismiss the appeal as untimely.  In criminal cases, a defendant's notice of appeal must be filed within 14 days after the entry of judgment.  Fed. R. App. P. 4(b)(1)(A).  With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal.  Fed. R. App. P. 4(b)(4).

Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "we must dismiss" the appeal "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).  When the Government moves to dismiss the appeal within the time required by Local Rule 27(f),[1] this court will grant the motion.  *United States v. Hyman*, 884 F.3d 496, 500 (4th Cir. 2018).

The district court entered judgment on September 12, 2023.  Hill filed the notice of appeal, at the earliest, on November 17, 2023.[2]  Because Hill failed to file a timely notice of appeal or to obtain an extension of the appeal period, and the Government has promptly invoked the appeal's untimeliness, we grant the Government's motion to dismiss and

---

[1] Local Rule 27(f)(2) requires that motions to dismiss be filed within the time allowed for filing a response brief.  Here, the Government complied with that rule.

[2] For the purpose of this appeal, we assume the date that Hill signed the notice of appeal is the earliest date he could have delivered the notice to prison officials for mailing to the court.  *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

dismiss the appeal as untimely.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*